PEACH RIVER LUMBER COMPANY v. J. K. AYERS.

Decided January 11, 1906.

**1.—Assignments of Error—Rule 31.**

Where assignments of error are not accompanied by a statement from the record of the facts bearing upon the propositions, nor by any reference to the preliminary statement in the brief for such facts, the Appellate Court is not required to consider such assignments.

**2.—Venue—Plea of Privilege.**

Where the contract of employment was made in the county of plaintiff's residence, and the contract actually performed there, suit for compensation for the services rendered may be brought in said county against a defendant residing in a different county.

**3.—Agent—Ratification of Acts by Principal.**

Where a principal, with knowledge of the facts, adopts and takes the benefit of the acts of his agent, even though unauthorized in the first instance, he thereby ratifies the acts of such agent, and becomes bound by the same.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Maco & Minor Stewart,* for appellant.—The court erred in overruling defendant's plea of privilege. Mahon v. Cotton, 13 Texas Civ. App., 239.

The court erred in holding defendant bound by the acts of Vidor. Smith v. Sublett, 28 Texas, 169; Williams v. Moore, 24 Texas Civ. App., 405; Mechem Agency, sec. 186; Fitzhugh v. Franco-Texas Land Co., 81 Texas, 311; Green v. Hugo, 81 Texas, 457; Franco-Texan Land Co. v. McCormick, 85 Texas, 420; Twelfth St. Mkt. Co. v. Jackson, 102 Pa. St., 269.

*Wilson & Dabney,* for appellee.—The court had jurisdiction because the action arose in whole or in part in Harris County, in that: (a) The contract was made in Harris County by a corporation; (b) it was intended to be performed in Harris County and was performed in that county in whole or in part; (c) it was breached in Harris County in whole or in part. Upon either ground, one party to the contract

being a corporation, it was suable in Harris County. Western Wool Commission Company v. Hart, 20 S. W. Rep., 131; The Equitable Mortgage Company v. Weddington, 2 Texas Civ. App., 373; Merchants and Planters Oil Co. v. Seeligson, 4 Wilson, sec. 206.

A corporation is bound by the acts of its agents (though prohibited by its bylaws, of which the other party has no notice) especially when acted upon, and benefit is received; or where the agent has been performing such services for the corporation; or where he has apparent authority. Houston & T. C. Ry. v. Hill, 63 Texas, 384; Martin v. Webb, 110 U. S. Rep., 7; Co-operative Edition, vol. 28, p. 49; Eastern Manufacturing Co. v. Brenk, 73 S. W. Rep., 538; Dysart v. Missouri, K. & T. Ry., 122 Fed., 229; Current Law, vol. 3, pp. 85, 86, 87, 88; 2 Beach on Modern Law of Contracts, par. 998, also note 2, p. 1269, and par. 999; Campbell v. Pope, 10 S. W. Rep., 189.

REESE, ASSOCIATE JUSTICE.—This is a suit by J. K. Ayers against the Peach River Lumber Company, brought in the District Court of Harris County, to recover $1,500 alleged to be the reasonable value of services rendered by Ayers, a real estate broker or agent, in connection with the purchase by the defendant company of the standing timber on the John Cole league of land in Montgomery County. It is alleged in the petition that the services were rendered by Ayers at the special instance and request of the lumber company acting through its agent, C. S. Vidor, who was duly authorized to act for the company in the premises, and that his acts were fully ratified and confirmed by the lumber company, with full knowledge of the facts. The contract is alleged to have been made with Ayers by Vidor in the city of Houston, Harris County, and it is alleged that the cause of action arose, either wholly or in part, in said Harris County.

Defendant filed the statutory plea of privilege to be sued in Galveston County, the county of its domicile, where it has its principal office and place of business, denying specifically that the cause of action or any part thereof arose in Harris County, or that it had an agent or local representative in said county. The plea was full and sufficient, denying specifically the alleged exceptions under which the suit was brought in Harris County, and venue claimed there.

Defendant also denied generally the allegations of plaintiff's petition, and particularly the authority of Vidor to act for the lumber company as alleged by the petition; the ratification of his acts by the company; that the purchase was brought about by the acts of Ayers; and the value of the services as alleged.

The case was tried by the court without a jury and judgment rendered for Ayers for $750, from which the lumber company appeals.

The material facts are substantially as follows: Appellant is a corporation having its principal office and place of business in Galveston County, and at the time of the filing of this suit had no local agent or representative in Harris County. The president, vice-president, and secretary and treasurer lived in Galveston County. C. S. Vidor was the secretary and treasurer of the company. Appellee Ayers was, at the time of the transactions forming the basis of the suit, a real estate agent, living and doing business in the city of Houston, Harris County, Texas.

In September, 1903, C. S. Vidor, the secretary and treasurer of appellant, went to see Ayers at his office in Houston and engaged his services or assistance in buying from the owner, the Seaboard Lumber Company, who were nonresidents of the State, the timber on the John Cole league of land in Montgomery County. Vidor was in fact trying to buy the timber for the appellant, Peach River Lumber Company. There was no express agreement between Vidor and appellee as to compensation for his services in bringing about a sale of the timber. Ayers at once got into communication with the officers of the Seaboard Lumber Company and numerous letters and telegrams were sent by him to said company in an endeavor to effect a purchase of the timber. Vidor was at all times cognizant of the fact that appellee was engaged in the work of effecting a purchase of the timber, and was acting in his interest, or that of his company, in doing so. The evidence leads to the conclusion that Vidor supposed and intended that appellee should be paid for his services by appellant, although there was no express agreement as to such compensation. The result of appellee's efforts was that Frost, a representative of the Seaboard Lumber Company, came to Texas, looked over the land in company with appellee, and then went to Galveston, where a sale and purchase of the timber was effected between Frost, acting for the Seaboard Company, and Miller, vice-president, and Vidor, secretary and treasurer of the appellant company, for the price of $30,000. There is no doubt that this result was directly brought about by appellee, who was at all times acting for and in the interest of Vidor, who was acting for the appellant company.

Our conclusion from the evidence is that Vidor, as secretary and treasurer of the company, had no express or implied general authority to bind the company by a contract with appellee employing him as a real estate agent or broker to bring about a purchase of the timber, for compensation to be paid by appellant, but the evidence leads to the conclusion, and we find as a fact, that the company through Miller, its vice-president, who did have such authority, at least in connection with Vidor, under the bylaws of the company, knew of appellee's employment by Vidor and ratified and approved it, and with knowledge of appellee's connection with the transaction in the interest and for the benefit of the appellant company, accepted the benefits of appellee's services and consummated the purchase thus brought about by his efforts.

The evidence further shows to our minds that Miller and Vidor both expected that some compensation would be demanded by appellee and should be paid by the appellant.

Appellant's first and second assignments of error are addressed to the action of the court in overruling the plea of privilege.

Appellee objects to the consideration of these assignments on the ground that the assignments are not accompanied by any statement from the record of the facts bearing upon the propositions, nor by any reference to the preliminary statement in the brief, for such facts, as required by rule 31 for the Court of Civil Appeals. For this reason we are not required to consider the assignments.

If these assignments properly presented the point relied upon by appellant they could not be sustained. The plea of privilege was properly overruled on the ground, as found by the trial court, that

the cause of action upon which the suit was brought arose, at least in part, in Harris County. (Western Wool Co. v. Hart, 20 S. W. Rep., 131; Equitable Mortgage Co. v. Weddington, 2 Texas Civ. App., 373, 21 S. W. Rep., 577.) Ayers lived in Harris County; the contract was made there, and was, by Ayers, actually performed there. It must have been in the contemplation of Vidor that Ayers' part of the contract would be performed in Harris County.

Appellant, if liable at all, is liable upon the implied contract for compensation arising from the employment of appellee by Vidor, and its ratification and adoption by the authorized officer of the company. This ratification relates back to the beginning of the transaction binding appellant as though Vidor had been fully authorized, by force of the legal maxim, *Omnis ratihabitio retrotrahitur et mandato priori equiparatur.*

Having employed appellee to assist in bringing about a purchase of the timber, the law will imply a contract to pay reasonable compensation for such services. As this action of Vidor was for the benefit of appellant, who afterwards with knowledge of the fact of appellee's employment by Vidor and his services in bringing about the sale, ratified and adopted it and took the benefit of such services, appellant became bound by this implied contract.

Taking the evidence as a whole it leaves no doubt that appellee was working entirely in the interest of appellant and was trying to get the timber on the most favorable terms for the purchaser. This seems to have been fully understood by Vidor and by the owners of the timber. There does not seem to be any ground for any belief on the part of Miller or Vidor that the Seaboard Company was liable to appellee for compensation, or that in fact appellee had in any way acted for the Seaboard Company in the transaction. It is clear from the testimony that appellee was, as found by the trial court, the procuring cause of the purchase. He was not employed to buy the timber for a stipulated price, but simply to render his services in bringing about a sale, which he did, thus carrying out his part of the contract.

The trial court found that Vidor contemplated that appellee would charge, and would be entitled to, commissions or compensation for his services, and this finding is fully supported by the evidence and this seems to have also been Miller's understanding as shown by the testimony of Frost as to what was said at the time of the consummation of the sale, with regard to appellee's commissions. It is conceded that under the bylaws of the company, Miller, as vice-president, in connection with Vidor, as secretary and treasurer, had full authority to bind the company in the matter in controversy. The court also found, upon sufficient evidence, that $750 was reasonable compensation for appellee's services, for which amount judgment was rendered.

There was no error in admitting evidence as to Ayers' employment by Vidor and his services thereunder, as set out in appellant's tenth assignment. Such testimony was indispensable as a basis for appellee's claim that the contract was ratified by appellant, and was therefore admissible notwithstanding Vidor's want of authority originally, if in fact he was not so authorized.

All of the findings of fact of the trial court appear to us to be fully supported by the evidence.

This disposes of all the material propositions advanced by appellant.

We find no error in the judgment of the trial court, which is therefore affirmed.

*Affirmed.*

Writ of error refused.