## Western Union Telegraph Company v. William Bell.

### Decided March 29, 1906.

**1.—Assignment of Error—Sufficiency.**

An assignment of error that "the court erred in overruling defendant's general demurrer to plaintiff's original petition," where presented as a proposition, does not sufficiently direct the court's attention to the particular vice in the petition relied upon by appellant, and will not be considered.

**2.—Same—Fundamental Error.**

But such error would be fundamental, and could be urged in the brief without an assignment if the particular error was pointed out by a proposition.

**3.—Death Message—Delay—Pleading and Proof.**

In a suit against a telegraph company for delay in delivering a message whereby plaintiff's wife was prevented from attending the funeral of her brother, it is necessary both to allege and prove that but for such delay the wife could and would have attended the funeral.

**4.—Same.**

Allegations in petition considered, and held not equivalent to an allegation that the wife would have attended the funeral if the message had been promptly delivered.

Appeal from the District Court of Galveston County. Tried below before Hon. Frank M. Spencer.

*Hume, Robinson & Hume* and *N. L. Lindsley,* for appellant.—To support a recovery by plaintiff in an action for damages against the telegraph company for failure of his wife to be present at her brother's funeral, it must have been shown that she could and would have availed of the means alleged to reach the funeral, and could and would thereby have been present at the funeral but for defendant's negligence. Western U. Tel. Co. v. Houswright, 23 S. W. Rep., 824; Western U. Tel. Co. v. Smith, 30 S. W. Rep., 941; Western U. Tel. Co. v. Hendricks, 63 S. W. Rep., 341; Western U. Tel. Co. v. Johnson, 28 S. W. Rep., 124; Western U. Tel. Co. v. Gahan, 44 S. W. Rep., 933; Western U. Tel. Co. v. Ridenour, 80 S. W. Rep., 1031; Howard v. Western U. Tel. Co., 84 S. W. Rep., 764; Western U. Tel. Co. v. Newnum, 78 S. W. Rep., 701; Western U. Tel. Co. v. Mitchell, 91 Texas, 454.

*James B. & Charles J. Stubbs,* for appellee.—The first assignment of error is too general to require consideration without a proposition specifying in what the supposed error consists, calling it a proposition does not make it one. Gulf, C. & S. F. Ry. Co. v. Cole, 28 S. W. Rep., 391; Houston & T. C. Ry. v. Higgins, 55 S. W. Rep., 746; Rules 29 and 30 for Courts of Civil Appeals.

A message addressed to another but containing directions to notify

the person for whose benefit the message is sent is upon the same footing as if it were sent directly to such beneficiary. Western U. Tel. Co. v. Coffin, 88 Texas, 95; Western U. Tel. Co. v. Morrison, 33 S. W. Rep., 1025; Western U. Tel. Co. v. Adams, 75 Texas, 536; Western U. Tel. Co. v. Bennett, 1 Texas Civ. App., 558.

REESE, ASSOCIATE JUSTICE.—William Bell sued the Western Union Telegraph Company to recover damages for its failure to promptly transmit and deliver a telegraphic message to his wife apprizing her of the death of her brother, in consequence of which failure his wife was unable to be present at the burial of her brother, and to see him before he was buried.

One of the messages was from H. W. Buttelmann to Mrs. William Bell, Port Arthur, Texas, advising her of her brother's death, and the other was from the same party to Mike Maurer, Port Arthur, as follows: "Tell Mollie Bell to come at once; her brother Charley is dead." The messages were sent from Galveston where Mrs. Bell's brother lived, and were delivered to the operator at Galveston for transmission to the respective addressees at Port Arthur, about 3 or 4 o'clock p. m., Sunday, September 27, 1903, but were not delivered to the addressees until about 11 o'clock a. m. on the 28th September, and too late to enable Mrs. Bell to reach Galveston in time for the funeral of her brother which took place at 4 o'clock p. m. on the 28th.

It was alleged that the sender of the messages was informed by defendant's agent, when presenting them for transmission, that the telegraph office at Port Arthur would not be open until 4 o'clock p. m. as it was Sunday, to which the sender replied that it would be in time if the message reached the addressee by 6 o'clock p. m., or, if it was delivered at a later hour that night Mrs. Bell could leave early the next morning and arrive in time to attend her brother's funeral.

Defendant answered by general demurrer and general denial and specially excepted to that part of the petition claiming damages for the failure to promptly transmit and deliver the message to Mike Maurer on the ground that such damages were not in contemplation of the parties.

Upon the trial there was a verdict for plaintiff for $600 and judgment accordingly, from which defendant appeals.

The court overruled the general demurrer to the petition, which is assigned as error.

The assignment is presented as a proposition, and the statement following sets out the petition in full without addition or comment. The simple statement that "the court erred in overruling defendant's general demurrer to plaintiff's original petition" is not sufficient to call the court's attention to the particular vice in the petition relied upon by appellant. Such an assignment of error would be sufficient if followed by a proposition or propositions pointing out the defect, but not otherwise. (Rule 30.) Indeed such error would be fundamental and could be urged in the brief without an assignment, but not without a proposition making the error of law "obviously apparent." (Rule 34) The assignment of error presented does not "sufficiently disclose the point" to authorize appellant to treat it as a proposition, but should have been followed by a proposi-

tion or propositions "disclosing the point" and rendering the error of law "obviously apparent." The assignment therefore can not be considered.

· The sixth assignment of error, however, presents the point in such a way as to require its consideration. In this assignment and accompanying proposition appellant attacks the judgment on the ground that it is contrary to law and without evidence to support it in that there was no allegation that plaintiff's wife could and would have reached Galveston and been present at her brother's funeral had the message been promptly delivered.

It was essential to a recovery by appellee that his wife, if the message had been promptly delivered, not only could, but would have reached Galveston in time to attend her brother's funeral. Her mere ability to have done so is not sufficient. Obviously she would not have suffered any damage by being deprived of the ability to reach Galveston in time unless also she would have actually done so if by a prompt delivery of the message the opportunity had been afforded her. This fact must not only be proven, but must be alleged, which was not done. We do not mean to hold that it was necessary to state *ipsissimis verbis* that Mrs. Bell would have left Port Arthur on a train by which, with its connections, she would have reached Galveston in time for the burial, but there must be such allegations of fact as necessarily included this statement.

Appellee insists that the following allegations in the petition contain sufficient averment that Mrs. Bell would have gone to Galveston, if she had been afforded the opportunity by a prompt delivery of the message: "Plaintiff's wife and her brother Charles were much attached to each other, their association during their childhood and afterwards having been close and constant, and it was especially desired by her family and herself that she should see her brother before he was laid away and also attend upon his funeral."

Again, "that in consequence of the delay in delivering said telegrams, the charges for which were duly paid, plaintiff's wife was unable to leave Port Arthur until too late to be present at her brother's funeral; that she endeavored by telephone to arrange for its postponement, but that could not be done owing to the warm weather and the condition of the body."

"That defendant's said negligence caused plaintiff's wife to suffer much sorrow and distress at not being able to be present when and before her brother was buried, which she could have done if either of said messages had been received within a reasonable time after they were filed with defendant."

While it might be reasonably inferred from these allegations that plaintiff's wife would have left Port Arthur in time to be present at the funeral it is not a sufficient compliance with the rule of pleading which requires "that the facts constituting the right of a party to recover, and fixing the liability of his adversary, shall be averred directly and distinctly in his pleading, and not left to be supplied by inference." (Moody v. Benge, 28 Texas, 545; Western Union Tel. Co. v. Henry, 87 Texas, 169, citing cases.)

It is not necessary to do more than refer to the failure of the evidence also directly to show that Mrs. Bell would have left Port Arthur on the

6:30 a. m. train by which, with its connections, she claims that she could have reached Galveston in time.

There is no merit in appellant's second assignment of error. The message to Mike Maurer: "Tell Mollie Bell to come at once, her brother Charley is dead" could not have been more explicit or effective in informing appellant of the importance of a prompt delivery of the message, and of its purpose, if it had been addressed to Mrs. Bell herself.

For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*