### F. M. POLAND ET AL. v. W. P. PORTER.

#### Decided November 28, 1906.

**1.—Briefs—Preparation of—Rule 31.**

When no "statement" from the record is subjoined to explain or support a proposition or assignment of error, as required by Rule 31 for the Courts of Civil Appeals, the assignment will be disregarded, especially when, as under the present law, the statement of facts consists of a voluminous stenographer's report of the trial.

**2.—Same—Rule 30.**

When neither the assignment of error, nor the proposition under it distinctly specifies any error, as required by article 1018, Rev. Stats. of 1879, and Rule 30 of the Court of Civil Appeals, such assignment will not be considered.

**3.—Same—Rule 29.**

When an assignment of error is not copied in the brief, as required by Rule 29, it must be regarded as abandoned, and will not be considered.

**4.—Chain of Title—Void Deed.**

The absence of a privy acknowledgment to a deed executed by a married woman in 1842, renders such deed void, and thus breaks the chain of title.

**5.—Proof of Title by Secondary Evidence.**

To prove title to the land in controversy in plaintiff's grantors, plaintiff testified by deposition as follows: "There was also a deed from the Bodman heirs to George H. Bringhurst." Held, a mere statement of a conclusion without any facts upon which it can be based, and the fact that the original deed was destroyed by fire and could not be produced, did not dispense with the observance of the rules of evidence as to its execution and contents.

**6.—Presumption of Grant.**

The presumption of a grant is always a presumption of fact, and not of law, to be determined from the evidence.

**7.—Limitation—Possession—Privity.**

The different periods of possession of land by different parties not holding in privity can not be tacked one to the other to make out the necessary period of limitation.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*A H. Jayne,* for appellants.

*Mark G. Fakes* and *Baldwin & Christian,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought on the 19th of September, 1904, by W. P. Porter against F. M. Poland and wife, H. N. Poland, and William Mobbs and wife, Silvian Mobbs, in trespass to try title to a tract of 535 acres of land, which tract includes 50 acres known as the Lee and Davis tract which is excluded from the suit. Besides the

usual allegations in petitions of actions of this character, the plaintiff alleged title to the premises under and by virtue of the three, five and ten years statutes of limitation.

The defendants, after interposing a general demurrer, a plea of not guilty and special denials of plaintiff's title under the statute of limitations, answered by a cross bill setting up title in themselves under a regular chain of title from the heirs of A. R. Bodman, the original grantee of the land in controversy, and prays judgment therefor.

The case was tried by the court, without a jury, who rendered judgment in favor of the plaintiff, W. P. Porter, for 270 acres of the tract involved in the suit, and in favor of the defendants for the remainder of the tract, except the two small tracts of 25 acres each claimed as the Davis and Lee tracts, which were excluded by plaintiff's petition from the land sued for.

To this judgment the defendants as well as the plaintiff excepted and gave notice of appeal. The appeal was perfected by the defendants, and the plaintiff has filed cross assignments of error.

The appellee objects to our considering appellants' brief, or any assignment in it, because it does not conform to the rules of this court. The objection is well founded, as we shall demonstrate.

The first assignment of error copied is as follows: "The court erred in overruling (defendants') appellants' motion to suppress the deposition of Allen Fitzgerald, because it was improperly taken by the notary, with the assistance of one of the attorneys for plaintiff, as set out in the motion to suppress the same, as shown by bill of exception."

The proposition asserted under this assignment is: "It is not proper that either party or their attorney should be present when a deposition is taken." No statement whatever, as is required by rule 31 of this court, is subjoined to explain or support the proposition.

The rules of Courts of Civil Appeals, prescribed by the Supreme Court, are, with some emendation, those promulgated by that court for briefing causes before it when it had the appellate jurisdiction, since given the several Courts of Civil Appeals. They were intended to obviate the necessity of a critical examination and thorough study of the numerous and ofttimes voluminous records for the purpose of eliminating important questions of law and fact from the great mass of matter contained in them, by requiring the parties, through their counsel, to assume the responsibility of selecting the material questions at issue, as presented by the record, and to set them forth by their briefs in such a way as to exhibit them plainly to the court, and as may require the counsel to meet each other understandingly in the consideration and discussion of the same questions. (Texas Land Company v. Williams, 48 Texas, 603.) If the difficulties then existing were so great as to require the promulgation and enforcement of such rules to obviate them, when there were only twenty-eight district judges, how much greater are the reasons for requiring the rules to be enforced now, when we have sixty-six district judges, besides county judges in every organized county in the State, with records encumbered by reports of stenographers containing every question asked a witness, every word in his answer, all the original documentary evidence introduced, every objection made to the introduction of testimony, besides the side-bar remarks, and colloquies of counsel, with a

few dry remarks of the trial judge thrown in to make good measure and swell the cost of litigation.

But recurring to appellants' first assignment of error and the proposition under it, it does not seem that the proposition is contained in or can be evolved from the assignment; it indicates that the deposition was taken by a notary with the assistance of one of plaintiffs' attorneys; and the objection urged by the proposition seems to be the impropriety of either party to the suit or their attorney being *present* when a deposition is being taken. But let it be conceded that the proposition can be evolved from the assignment, as the required statement, in compliance with the rule referred to does not appear in connection with it, it can not be ascertained without searching the record that, if a motion was made to suppress the deposition, it was in writing, or that an attorney of either party was present when it was taken, or when the deposition was taken (for this would be material in determining whether the presence of an attorney was ground for suppressing the deposition) or whether the deposition was read in evidence; or, if it was, whether it contained such evidence as would likely influence the jury to the prejudice of appellants in its verdict. Nor can we know from the brief that a bill of exceptions was reserved by the appellants to the ruling of the court upon the motion. As to all these matters we are left, by the brief, entirely in the dark. And we are neither required nor are we disposed to obtain light upon them by reaching the record.

The second assignment is not copied in the brief; and, therefore, must be regarded as abandoned. Rule 29.

This is appellants' third assignment of error: "The court erred in giving judgment for plaintiff Porter for any of the land in controversy whatever, because there was no proof whatever that plaintiff, or any one through whom he claimed, had adverse possession of the land adjudged to plaintiff for the period of time required by the three, five or ten years statute of limitation."

It is not followed by a proposition. If it should itself be regarded as a proposition, it should not be considered because not followed by a statement of such proceedings contained in the record as is necessary and sufficient to explain it as is required by rule 31. (See Gulf, C. & S. F. Ry. v. St. John, 88 S. W. Rep., 297; Western U. Tel. Co. v. Bell, 92 S. W. Rep., 1036; McAllen v. Raphael, 96 S. W. Rep., 760.)

The fourth assignment of error copied in appellants' brief does not distinctly specify any error, as is required by article 1018, Revised Statutes of 1879; nor does the proposition under it, as is required by rule 30 of this court. Besides, the so-called proposition has no statement subjoined as is required by rule 31, unless the assignment itself can be taken as such statement. If it should be so taken, then there would be no assignment of error upon which to predicate the proposition.

Neither the fifth, sixth, seventh nor ninth assignments are followed by a proposition, nor has a statement subjoined as required by the rules.

The proposition under the eighth assignment of error has no statement subjoined as is required by rule 31.

As there is no assignment of error presented in appellants' brief in such a manner as requires its consideration, and there being no fundamental error in the judgment, insofar as it is against them, such judg-

ment against them will be affirmed. (Walker v. Texas & N. O. Ry. Co., 75 S. W. Rep., 47.)

This disposition of the defendants' appeal leaves us nothing to consider save that of the plaintiff on his cross-assignments of error. For convenience our conclusions of fact, and to some extent, the evidence upon which they are based, will be stated in disposing of his cross-assignments of error.

The first cross assignment of error complains of the judgment in favor of defendants for any part of the land, and of the court's refusing to render judgment for plaintiff for the entire tract sued for. It is first contended under this assignment that the undisputed evidence shows that the heirs of A. R. Bodman, the grantee, conveyed the land in controversy to George H. Bringhurst, and that plaintiff has a regular chain of title to the same extending from Bringhurst to himself.

The evidence introduced by plaintiff himself shows that after A. R. Bodman's death his widow, Jane Bodman, in 1842 married F. P. Morey, and that on the 15th of March of that year F. P. Morey and his wife undertook to convey the land in controversy by a deed of that date to Charles Bigelow. This deed, however, was not privily acknowledged by Mrs. Morrey as required by statute, and was, therefore, absolutely void and conferred no title to Bigelow. On the 8th of November, 1842, Charles Bigelow by a deed of that date conveyed the tract of land in controversy to George H. Bringhurst; on December the 10th, 1844, Bringhurst deeded it to Thomas Nelis; on January the 17th, 1855, Thomas Nelis and wife by their deed of that date conveyed it to E. Pacard; on February the 9th, 1882, Pacard conveyed it to Edward Turner, and on April the 9th, 1886, Turner conveyed it to the plaintiff, W. P. Porter.

So it will be seen, the deed from Morey and wife to Bigelow being void, the plaintiff acquired no title by this chain of conveyances. He contends, however, that he had a deed from the Bodman heirs direct to George H. Bringhurst. This contention is based solely upon the deposition of plaintiff himself.

He was asked these questions: "Did you or not in 1886 receive a deed from E. P. Turner to 585 acres? Do you not know that the land described in said deed is a part of the land patented to Bodman as patent 145?" He answered: "I have bought the land from E. P. Turner of Dallas, Texas, on April the 29th, 1886. I bought the entire 535 acres. I know that the land described in said deed was a part of the land patented to the heirs of A. R. Bodman by patent No. 145. I know that Turner turned over to me a deed from George H. Bringhurst. to Thomas Nelis and a deed from Nelis to E. Pacard, and a deed from E. Pacard to E. P. Turner. There was also a deed from the Bodman heirs to George H. Bringhurst." The last sentence of this answer is the the only basis furnished by the evidence in the record for this contention of plaintiff. The names of the parties who executed such deed are not shown. In order for it to be said that such deed was made by the heirs of Bodman, it must be shown who his heirs were when the deed was made. This and the execution of the deed should have been proved by some means recognized by the law before its contents could be considered as evidence. True, it is shown that all of the deeds delivered by Turner

to plaintiff were destroyed by fire and the originals could not, therefore, be produced in evidence. This, however, did not dispense with secondary evidence as to their execution and their contents. The statement of plaintiff in his deposition: "There was also a deed from the Bodman heirs to George H. Bringhurst," is merely the statement of a conclusion without any facts upon which it can be based. It can not, therefore, be said that the trial judge should have held, as a matter of law, with plaintiff in his contention.

Again, it is contended by the plaintiff that it was the duty of the trial court to presume a conveyance of the land from the heirs of Bodman to George H. Bringhurst through whom plaintiff claims, on account of the long period of time during which open and notorious claim of ownership of the property has been asserted by those under whom he claims against the heirs of Bodman. This contention can not be maintained. Such a presumption is always one of fact, and never of law; and it is for a jury, or a court sitting as a jury, to determine whether such a presumption arises from the facts in evidence, and, even if it does, to determine whether it is sufficient proof of the ultimate fact sought to be established by it—that is, as in this case, a conveyance of the land in controversy was made to Bringhurst, or those through whom plaintiff claims. It is much more plausible, as well as consistent with the facts, that the assertion of title to the premises by plaintiff and those under whom he claims was under and through the chain of title introduced in evidence extending from Morey and wife to Bringhurst and through him to plaintiff, than it would be to presume a grant from the heirs of Bodman to Bringhurst or to any of the parties through whom the plaintiff claims.

Another contention of plaintiff under this assignment is, that the evidence shows conclusively that he and those through whom he claims, have held peaceable adverse possession of the land in controversy under deeds duly recorded, cultivating, using and enjoying the same and paying the taxes thereon for more than five years prior to the institution of this suit, and that he has, therefore, title to the same under the five years' statute of limitation.

The deed from George H. Bringhurst to the 535 acres to Thomas Nelis was filed for record March the 24th, 1845, and duly recorded in Harris County, Texas. Plaintiff claims that the undisputed evidence shows that Nelis took possession of this land in 1844 and continued to live upon it from that time to the year 1858, and that during such period he paid all the taxes due upon said premises. The evidence as to Nelis being in possession during that period is by no means satisfactory; for it seems to us from a careful study and consideration of the testimony that it tends much stronger to show that Nelis was, during that period of time, residing in the city of Houston, Texas, where he was engaged in a business that required him to employ all of his time there. At any rate, the evidence upon such issue is not such as would authorize this court to disturb the finding of the trial judge upon it.

Finally, it is contended, under this assignment, that plaintiff was entitled to recover all of the land by virtue of the ten years' statute of limitation. He claims that he acquired title by limitation under this statute both through Nelis and Lee and Davis. There was no privity of possession between Nelis and Lee and Davis, even if it should be

conceded that Nelis was ever in possession of the premises. Certainly such facts are not shown as would enable him to prescribe under the ten years' statute. Besides, if he was in possession at any time, the evidence fails to show such facts as would enable plaintiff to tack their possession to such possession as Nelis may have had. He must, therefore, depend upon the possession of Lee and Davis to make out the ten years' statute of limitation. The facts in regard to this issue are substantially as follows: In April, 1886, after plaintiff purchased the land from Edward Turner, he went on the premises and found Mrs. Lee and T. J. Davis in possession; each having enclosed in separate parcels about 25 acres of the land, Davis claiming 160 acres of it, the boundaries of which were not designated, and Mrs. Lee claiming the balance of the 535 acre tract. He compromised with these parties by taking a deed from them to the entire tract with the exception of 25 acres claimed by each of them respectively, agreeing to convey to each of them, in consideration of their deed to him, the 25 acre tracts that they were respectively in possession of at that time.

There is evidence to show that Wilson Lee in 1861 bought out an improvement made by G. L. Durden, who was on the tract at that time, and went into possession of such improvement. After this sale Durden came back and made another improvement on the land which he afterwards sold to T. J. Davis who took possession of the same, it being about eight or ten acres under fence and in cultivation. It is not clear from the evidence when Wilson Lee went into possession of the land. It may have been as early as 1858 or 1859, but there is no proof of any claim to any part of the land or of occupancy and cultivation by Lee until he purchased the improvements thereon from Durden. Lee died, or was killed, in 1862, and the evidence reasonably tends to show that his wife, Matilda, with her children remained in possession of the improvements, used, cultivated and enjoyed the same from the time of her husband's death, claiming 375 acres of the tract, which was all of it except 160 acres claimed by Davis, until in June, 1887, when she and Davis made the deed to the plaintiff. Davis likewise remained in possession of the eight or ten acres containing the improvements that he bought from Durden, from 1861 or 1862, using, cultivating and enjoying the same, claiming 160 acres of the tract until he sold all of his interest except 25 acres to the plaintiff in 1887.

The plaintiff claims that under these facts Mrs. Lee and T. J. Davis, by virtue of article 4624, P. D., acquired title to the entire tract of 535 acres, and that by virtue of their deed to him he acquired the entire tract save the 50 acres reserved by them. It must be remembered that from January the 28th, 1861, to March the 30th, 1870, the statute of limitation was suspended, and consequently, did not run in this State. That is to say, that during nine years two months and twenty-eight days of the period that these vendors of the plaintiff were in possession, the statute of limitation did not run in their favor. In other words, it did not begin to run until the 30th of March, 1870. Under article 3195, Revised Statutes of 1879, a party could acquire only 160 acres by the statute of limitation. The Revised Statutes just referred to took effect September the 1st, 1879. Therefore, excluding the period that the statute of limitation was suspended, Lee nor Davis acquired more than

160 acres each by limitation; and plaintiff by his purchase from them could have acquired no more.

This disposes of all the questions raised by plaintiff on his cross assignments of error and requires an affirmance of the judgment as against him. Wherefore, the judgment of the District Court is entirely affirmed.

*Affirmed.*