182

Court of Civil Appeals of Texas. Galveston.
Feb. 20, 1935.

P. Z. Sullivan, of Bellville, for appellant.

Bryan, Suhr, Bering & Bell, of Houston (E. H. Suhr, of Houston, of counsel), for appellees.

LANE, Justice.

August Suhr and Tillie Suhr, husband and wife, owned as their community property two tracts of land, one a 6-acre tract, a part of the J. DeLeon survey in Austin county, Tex., on which they lived, cultivated, and used as a part of the home of their family. The other, a 53-acre timbered tract situated about three miles from the 6-acre tract, from which they got their firewood for heating, cooking, and other uses about their 6-acre tract. They had two children, Hugo, a boy, born February 15, 1896, and Clara, a girl, born December 2, 1902.

On August 6, 1904, Tillie Suhr, the, wife, died, leaving surviving her her husband, August Suhr, and their two children, both of whom were minors. After the death of Tillie Suhr, August, with his two children, continued to live on the 6-acre tract and continued to use it and the other tract for home purposes and as the home for himself and his two children until the 17th day of March, 1931, at which time he died intestate, leaving surviving him his two children, both of whom at such time were living with their father in the home on the 6-acre tract; Clara at such time being 29 years of age and unmarried.

No administration was ever taken out on the estate of either August Suhr or his wife, Tillie. At all times after the death of their parents, Hugo and Clara Suhr continued to live on the home place as their home, using both tracts as did their parents before their deaths.

In August, 1912, August Suhr, the then surviving husband of Tillie Suhr, deceased, acquired two shares of the capital stock of the Cat Springs State Bank, a corporation organized under the banking laws of Texas, and in 1918 he acquired two more of such shares, and at the time of his death he still owned said four shares of said stock, which had a par value of $100 per share. Such stocks were never transferred on the books of the corporation to either Hugo or Clara Suhr, but remained on the books of the bank in the name of August Suhr at all times after his death.

In January of 1932 the Cat Springs State Bank became insolvent and closed its doors. The Banking Commissioner of the State of Texas, James Shaw, made an assessment against August Suhr, deceased, on said four shares of stock. He filed suit against Hugo Suhr and Clara Suhr as sole heirs at law of August Suhr, deceased, in the county court of Austin county, Tex.; and obtained a judgment on April 12, 1933, against them as "heirs at law of August Suhr, deceased," in the sum of $400, which judgment provides that it shall be against them only as sole and only children

and heirs at law of August Suhr, deceased, and "that the personal estate of Hugo Suhr and Clara Suhr, or either of them, shall not be or become liable in any way to the payment or satisfaction of said judgment."

The Banking Commissioner then filed suit in the district court of Austin county, Tex., to foreclose an alleged judgment lien on said two tracts of land, and the improvements thereon situated. Up to the time of this suit Clara Suhr had never been married, but was a single woman, and had been a member of the household of August Suhr, living with him at the time of his death.

To this suit the defendants, Hugo Suhr and Clara Suhr, made the defense that said property had been the home of Tillie Suhr and August Suhr, and after the death of Tillie Suhr it was the homestead of August Suhr and said two minor children, and at the time of the death of August Suhr, Clara Suhr, an unmarried daughter, was living with him on said land and was a constituent member of his family, and that such property was exempt and passed to Hugo and Clara Suhr free and clear of general claims against the estate of August Suhr, deceased.

The case was tried before the court without a jury and the court entered judgment in favor of the defendants, Clara Suhr and Hugo Suhr, and against the plaintiff, James Shaw, Banking Commissioner. From this judgment James Shaw, Banking Commissioner, has appealed to this court.

▮ Appellant's first assignment is as follows: "The court erred in holding that the property involved in this litigation was the homestead of Hugo Suhr and Clara Suhr, appellees herein."

The assignment and the propositions following it are too general to require consideration by this court. The assignment is followed by two propositions and only two, reading as follows:

First: "Homestead is defined to be a person's dwelling place with that part of his land or property which is about or contiguous to it."

Section: "A son over the age of 21 is not entitled to a homestead in the landed estate of *father* at the death of the father."

By Rule 31 for the Courts of Civil Appeals it is provided that there shall be subjoined a brief statement, in substance, to each proposition, such parts of the proceedings contained in the record as will be sufficient to explain and support the proposition, with reference to the pages of the record.

Assignments, such as the one mentioned, unaccompanied by any statement from the record of the facts bearing upon the proposition, nor by any reference to any preliminary statement set out in the brief for such facts, cannot be sustained. Peach River Lumber Co. v. Ayers, 41 Tex. Civ. App. 334, 337, 91 S. W. 387; Tolar v. South Texas Development Co. (Tex. Civ. App.) 153 S. W. 911, 912.

"When no 'statement' from the record is subjoined to explain or support a proposition or assignment of error, * * * the assignment will be disregarded, especially when, as under the present law, the statement of facts consists of a voluminous stenographer's report of the trial." Poland v. Porter, 44 Tex. Civ. App. 334, 98 S. W. 214, 215.

Where there is no statement from the record subjoined to the assignments or the propositions thereunder, of matter in the record pertaining thereto, nor reference to the pages of the record where the same can be found, the court will be relieved from passing upon them. Coons v. Lain (Tex. Civ. App.) 168 S. W. 981.

Statements under propositions not stating the evidence on the question at issue, and not referring to the page of the statement of facts where such evidence may be found, cannot be considered. Holland v. Closs (Tex. Civ. App.) 146 S. W. 671, 672. See other authorities cited by Harris in his Rules of Courts, under Rule 31, pp. 37 to 41.

The undisputed evidence shows that Clara Suhr, a minor and an unmarried daughter, was living with her parents in the residence on the 6-acre tract involved in this suit at the time of the death of both parents and for several years thereafter, that unquestionably such 6 acres constituted at least a part of the homestead of August Suhr, his wife, and his unmarried daughter while they lived, and that it remained the homestead of their unmarried daughter after the death of her parents. Whether Hugo Suhr, the son, had a homestead in the property by virtue of his residing with the family at the time of the death of his parents is of no importance in this case.

▮ ▮ None of the facts stated were presented in any statement under any proposition following the assignment, nor were any other facts relative to the question at issue made to appear by any statement under the assignment or proposition being discussed. However, should the assignment and propositions thereunder be considered they should be and are overruled, as the undisputed evidence shows, as above stated, that the 6 acres

of land involved in the suit were unquestionably a part of the homestead of August Suhr and his wife, Tillie, during the life of the wife, and that after her death such property remained the homestead of August Suhr and his minor and unmarried daughter, who lived with him as a constituent of the family, and that after the death of the father, Clara, the minor daughter, continued to reside on the property as her home for several years. There was also sufficient evidence to support a finding by the trial court that Clara had never permanently abandoned the property as her homestead, if such finding was necessary to support the judgment of the court. We are of opinion, however, that such finding was not necesary to support the judgment, as a finding that Clara abandoned the home after the death of her father would avail appellant nothing.

By section 52 of article 16 of our Constitution it is provided: "On the death of the husband or wife, or both, the homestead shall descend and vest in like manner as other real property of the deceased, and shall be governed by the same laws of descent and distribution, but it shall not be partitioned among the heirs of the deceased during the lifetime of the surviving husband or wife, or so long as the survivor may elect to use or occupy the same as a homestead."

■ In Martin Zwernemann v. Von Rosenberg, 76 Tex. 522, 13 S. W. 485, it is held that under article 16, § 52, the homestead in insolvent estates descends as other property, subject to use by surviving widow or minor children as provided, and is not liable for the debts of the deceased head of the family. Such holding has at all times been followed by our courts.

The facts in the case of Andrew Ward v. Hinkle (Tex. Civ. App.) 252 S. W. 236, are that Ward owned 100 acres of land and used the same as the homestead of himself and his family. Ward died intestate and no administration was had on his estate. Louisa Ward and her unmarried daughter, Martha, continued to live on the land until Louisa died. Louisa left a will in which she bequeathed this land to her children in separate tracts; 12 acres of which, on which the dwelling stood, she bequeathed to Martha. Prior to Louisa Ward's death, there had been obtained against her by Louis J. Wilson a judgment in the justice court of Brazoria county for the sum. of $110. Wilson applied for and obtained an administration on the estate of Louisa Ward, B. F. Krause being appointed the administrator. Wilson then presented his said claim to the administrator, who approved it and allowed it, and the court approved the claim. Application was thereupon made to the probate court to sell the undivided one-half interest of Louisa Ward in said property to satisfy said claim. Pursuant to an order of sale issued out of said probate court, said property was sold to J. G. Smith for a cash consideration of $600. Smith thereafter conveyed the property to J. V. Hinkle. Hinkle filed suit against all the heirs of Louisa Ward, deceased, for a partition of the property. A judgment was entered by the district court of Brazoria county partitioning the property, in which partition 50 acres was awarded to Hinkel. The heirs of Louisa Ward filed suit, more than four years thereafter, claiming that said judgment of partition was void and that the sale under the orders of the probate court of said half interest to Smith was void. This court held that the order of the probate court directing the sale of this property, it being the homestead of Louisa Ward at the time of her death, and there being a constituent member of the family in the person of Martha Ward, was void.

As to the members of the Ward family who were parties to that partition suit, this court held the judgment not subject to attack because it was rendered upon valid service and was not appealed from; and further because suit was not filed within four years to set said judgment aside.

A writ of error was granted by the Supreme Court, and that court, in passing on the question of the validity of the sale of the property to satisfy the claim of Louis J. Wilson, based on his judgment, through Chief Justice Cureton [reported in 117 Tex. 566, 8 S.W.(2d) 641, 645] said:

"When Ben Ward died, the children of his marriage inherited his half interest in the community homestead, subject, however, to the right of the surviving wife, Louisa, to occupy the same so long as she lived or desired to live there. Upon the death of Louisa, her half of the community homestead passed to her heirs, free of all claims of general creditors, such as that for which it was sold, subject, however, to the right of occupancy of Martha, an aged unmarried daughter, who lived with her as a surviving constituent member of her family.

"The homestead estate was not subject to administration, and all the orders of the probate court administering on it and directing its sale for the payment of the justice court judgment in this case were, and are, ab-

solutely void. Cline v. Niblo [117 Tex. 474] 8 S.W.(2d) 633 [66 A. L. R. 916], this day decided, and authorities there cited.

"The fact that the property was homestead, and the claim for the payment of which it was sold was a mere general claim, not within any of the exceptions for which homestead property could be sold, and that heirs survived, appeared on the face of the probate record. Therefore no question of an innocent purchaser arises in this case. Since the order directing the sale was void, the vendee took no title, nor did the subsequent vendee, the defendant in error in this case. Cline v. Niblo, supra, and authorities there cited."

In Greene v. Bank (Tex. Civ. App.) 7 S.W. (2d) 620, the court held that:

"Where children of deceased brought suit to cancel administrator's deed of deceased's homestead as constituting cloud upon title to land, and minor son, constituent member of family, who had resided on place, survived owner, held that, by virtue of Const. art. 16, § 52, homestead was expressly vested in heirs; hence no title was acquired by administrator's deed.

"Order of probate court, directing sale of homestead of deceased for benefit of bank having simple debt against owner, was void and subject to collateral attack, where at time of owner's death minor son, constituent member of family, resided on homestead, by virtue of Const. art. 16, § 52, providing on death of owner homestead vests absolutely in heirs if constituent member of family survives, and is not assets in hands of administrator subject to payment of simple debts of decedent. * * *

"Where minor son resided on homestead with father at time when latter died, and homestead was sold by administrator to bank to which father was indebted, children were not estopped to claim right in homestead by failure to object to probate proceedings in which land was sold, as position of bank was in no wise changed after purchase, especially since it would contravene public policy in respect to descent of homesteads to impute laches to minor.

"Title of children in homestead vested absolutely at once upon death of father who survived mother, and it was not dependent upon their continuing to reside upon and actually use premises."

See, also, the case of Mary Hoefling v. Dorothea Hoefling, 106 Tex. 350, 167 S. W. 210.

By article 3499, Revised Civil Statutes 1925 it is provided that the homestead shall not be liable for the payment of any of the debts of the estate, except debts specially mentioned therein.

Appellant's assignment No. 2 and proposition thereunder are as follows:

"Assignment No. 2. No person or family is entitled to two residential homesteads."

"Proposition. Under our law a person is not entitled to an urban homestead and rural homestead also."

Such assignment and proposition are but abstract statements of law. They are nowhere in appellant's brief followed by any statement from the record of the facts bearing upon them, nor by any reference to the preliminary statement in the brief, and therefore cannot be sustained.

"An assignment of error and proposition not supported by a sufficient statement, as required by Court of Civil Appeals Rule 31 (142 S. W. xiii) will be disregarded as waived, and not considered." Tolar v. South Texas Development Co. (Tex. Civ. App.) 153 S. W. 911, 912, and numerous authorities there cited.

Appellant's assignment of error No. 3 and proposition thereunder are as follows:

"Because the court erred in holding and deciding that there had been no abandonment of such homestead by the said Clara Suhr, an unmarried daughter of August Suhr, deceased."

"A present, definite and permanent intent to cease the use of property for homestead purposes constitutes an abandonment of the homestead."

What we have said under assignment No. 1 sufficiently disposes of the third assignment adversely to the contention therein made.

For the reasons above expressed, the judgment is affirmed.

Affirmed.