## McCAMMANT v. WEBB.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912.)

1. EVIDENCE (§ 29*) — JUDICIAL NOTICE — CREATION OF COUNTIES.

The court judicially knows that Culberson county was created out of a part of the territory of El Paso county by Acts 32d Leg. c. 38.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 36, 37, 39, 43–46, 48; Dec. Dig. § 29.*]

2. OFFICERS (§ 30*) — HOLDING OTHER OFFICE — SPECIAL JUDGES.

The acting county attorney of a county is not disqualified from acting as special judge in the trial of a case, pursuant to an appointment by the Governor.

[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 20, 37–43; Dec. Dig. § 30.*]

3. VENUE (§ 7*) — PRIVILEGE TO BE SUED IN COUNTY OF RESIDENCE.

Where an action is brought against an individual on a written contract for the digging of a well on his land, which does not provide for any place of payment by him, he has the right, under Sayles' Ann. Civ. St. 1897, art. 1194, subd. 5, providing that, where a person has contracted to perform an obligation in any particular county, suit may be brought either in such county, or where he has his domicile, to be sued in the county of his domicile.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 13–16; Dec. Dig. § 7.*]

Appeal from Culberson County Court; S. W. White, Special Judge.

Action by J. R. Webb against W. A. McCammant. From a judgment for plaintiff, defendant appeals. Reversed, and venue changed.

Jno. F. Weeks, of El Paso, for appellant. R. M. Reed, of El Paso, and Joe Irby, of Van Horn, for appellee.

JAMES, C. J. This is an action by appellee to recover a balance of $250. alleged to be due him on a well-boring contract, which contract is set forth in the petition, as follows: "The State of Texas, County of El Paso: This contract this day made and entered into this 22nd day of October, 1909, by and between Mrs. W. A. McCammant, of Boracho, Texas, party of the first part, and J. R. Webb, of Plateau, Texas, party of the second part, witnesseth: The said J. R. Webb has this day contracted to bore a well for the said Mrs. W. A. McCammant, on land to be selected by the said Mrs. McCammant, at Boracho, Texas, and hereby agrees and binds himself to move his well-drilling outfit from Plateau, Texas, to Boracho, Texas, and to start work on said well not later than Tuesday, October 26, 1909; the said Mrs. McCammant hereby agrees and binds herself to pay the said J. R. Webb the sum of three hundred and fifty dollars upon the completion of said well at a depth of two hundred feet or less, provided a good and sufficient amount of water is encountered at less than two hundred feet, and also agrees to furnish all necessary casing to be used

in said well. It is expressly understood that the said J. R. Webb is to be paid the sum of three hundred and fifty dollars, whether he finds water at a depth of two hundred feet or not, and that he is to be paid said sum of three hundred and fifty dollars if he should strike water at less than two hundred feet, provided a good and sufficient amount of water is found. The said J. R. Webb hereby agrees to start work on said well at a date not later than the date above designated, and to complete said well at the very earliest date possible. The said Mrs. McCammant agreeing to advance what amount of money is necessary along as the well is being completed; said amount not to exceed two hundred dollars. Witness our hands at Boracho, Texas, this 22nd day of October, 1909. Mrs. W. A. McCammant. J. R. Webb."

[1] The defendant duly filed a plea of privilege to be sued in El Paso county, alleging that at the time of the filing of this suit she was, and ever since has been, a resident of the city of El Paso, in the county of El Paso, and not a resident of the county of Culberson. The evidence in support of this plea consisted of the contract; proof that no other contract was ever entered into between the parties; that at the time of making the contract defendant lived at Boracho; but that a short time thereafter she removed to the city of El Paso, where she has ever since had her residence. These facts were undisputed. We know judicially that Culberson county was created out of a part of the territory of El Paso county by the act of March 10, 1911 (Gen. Laws of 1911, 32d Leg. p. 53). The court overruled the plea of privilege.

[2] Defendant interposed another plea, objecting to the cause being tried by the special county judge appointed by the Governor, upon the ground that he was then the duly elected and qualified county attorney of Culberson county, and under the Constitution and laws of the state no person can hold two offices and enjoy the fees of the same. Upon this motion, it was shown that the special judge was then and there the duly elected, qualified, and acting county attorney of Culberson county; and that he had been appointed by the Governor to act as special judge in this cause. This plea was likewise overruled.

The latter plea touching the qualification of the judge was properly overruled. Kingsbury v. Brinkerhoff, 66 Tex. 45, 17 S. W. 109; Alsup v. Jordan, 69 Tex. 300, 6 S. W. 832, 5 Am. St. Rep. 53; State v. Brinkerhoff, 66 Tex. 46, 17 S. W. 109.

[3] The plea of privilege, which was based on paragraph 5 of article 1194, Sayles' Rev. St., should have been sustained. The written contract did not provide any place of payment by Mrs. McCammant. Her obligation to pay the price for the well was the

basis of this action, and its breach constituted the plaintiff's cause of action. She had the statutory and valuable right, when sued, to be sued in the county of her residence, which was at that time in the county in which her place of residence, the city of El Paso, was situated, unless she had contracted away that right, or waived it. Walthew v. Milby, 3 Willson, Civ. Cas. Ct. App. § 119; Little v. Woodridge, 1 White & W. Civ. Cas. Ct. App. § 152, citing Wilson v. Adams, 15 Tex. 324.

The cases cited by appellee (Bell County v. Brick Co., 33 Tex. Civ. App. 292, 76 S. W. 608; Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787) are not applicable. In the former of these cases, the obligation, for a breach of which the suit was brought, was held to be performable in Bell county; and in the latter the contract to pay was held .to be performable in Coke county. In the present case, there is nothing in the contract, or in the circumstances, to show that Mrs. McCammant was to pay for the work at any place. Hence, if she insisted upon it, she was entitled to be sued where she resided.

It is to be observed that the rule of venue is different in the case of suits against private corporations—paragraph 23 of article 1194, under which action may be brought in any county in which the cause of action, or a part thereof, arose. See Railway v. Browne, 27 Tex. Civ. App. 437, 66 S. W. 341; Lumber Co. v. Ayers, 41 Tex. Civ. App. 334, 91 S. W. 387; Houston Rice Milling Co. v. Swinney, 45 Tex. Civ. App. 303, 100 S. W. 204.

.The judgment is therefore reversed and the plea sustained; and, this court proceeding to enter the order that should have been ,made, the venue is changed to El Paso county, and the county clerk of Culberson county is ordered to make up a transcript of all orders made in the cause 'and certify officially to the same under the seal of the county court of Culberson county, and transmit the same, together with the original papers of the cause, to the county court of El Paso county, Tex., with the mandate of this court.

Reversed, and venue changed.