CLARKE et al. v. TAYLOR et al.    (No. 9370.)

(Court of Civil Appeals of Texas. Ft. Worth June 26, 1920.)

1. **Venue** &#9758;7—**Buyers' suit on land contract to be brought where papers were to be delivered and sellers resided.**

Where, under original contract for sale of land, all papers were to be delivered in Wichita Falls, where each seller lived, any suit on such original contract would have to be filed by the buyers in Wichita county, under Rev. St. 1911, art. 1830.

2. **Pleading** &#9758;111—**Plea of privilege prima facie proof of facts stated.**

Defendants' plea of privilege was prima facie proof of the facts stated, entitling them to be sued in the county of their residence, to overcome which plaintiffs were required, not only to allege in their controverting affidavit, but to establish by evidence, the existence of an exception to the general venue statute giving jurisdiction to the court in which they brought suit.

3. **Pleading** &#9758;111—**Plaintiff buyers of land held not to have overcome prima facie proof of defendant sellers in pleas of privilege.**

Plaintiff buyers of land, suing defendant sellers in a county other than that of their residence, relying on Rev. St. 1911, art. 1830,

(223 S.W.)

subd. 5, excepting from operation of general venue statute case where person has contracted in writing to perform an obligation in any particular county, *held* not to have overcome prima facie proof made by defendant sellers in their pleas of privilege, not having alleged consideration to sellers to change original provision all papers should be delivered in Wichita Falls, where sellers resided.

Appeal from Tarrant County for Civil Cases; W. P. Walker, Judge.

Suit by P. H. Clarke and others against L. L. Taylor and others. From a judgment overruling pleas of privilege, defendants appeal. Reversed and remanded, with instructions.

W. E. Fitzgerald and J. B. Hatchitt, both of Wichita Falls, for appellants.

R. C. Armstrong, Jr., of Ft. Worth, for appellees.

BUCK, J. This is an appeal from an order and judgment of the county court of Tarrant county for civil cases overruling a plea of privilege. On February 13, 1919, L. L. Taylor and O. D. Taylor, of Wichita county, entered into a contract with P. H. and C. L. Clarke, of Tarrant county, whereby the Taylors agreed to sell to the Clarkes a certain lot in Wichita Falls for $7,500, which contract was in part as follows:

"All payments to be made and papers delivered at office in Wichita Falls, Tex. This contract shall be consummated, and all things done and performed upon the part of each party, on or before the 13th day of February, A. D. 1919."

It was further provided that the Clarkes should deposit with Carter & Burns, Wichita, Falls, $250, said sum to be applied on the cash payment in case the deal should be consummated,' and said sum was to be forfeited in case the Clarkes should fail to carry out their part of the contract, and in case the Taylors should fail to carry out their part of the contract said sum was to be returned to the Clarkes. On March 14, 1919, C. L. Clarke sent the following message to the Taylors at Wichita Falls, to wit:

"We have already been damaged by loss of time and railroad fare to the extent of two hundred dollars. Abstract has not been delivered to us. If you do not intend to comply with your contract and will return our two hundred fifty dollars and pay us the other sum of two hundred and fifty dollars damages which we have sustained we will quitclaim our rights to lot four block one three nine otherwise we demand that you strictly comply with your contract. If you can and will comply with your contract we want twenty days time from delivery of abstract to us here at Washington Hotel, Fort Worth, Texas. Answer.
                                        "C. L. Clarke."

On the following day L. L. Taylor wired C. L. Clarke, care Washington Hotel, Ft. Worth, the following answer:

"The abstract is not completed yet will be out in about seven days the abstracters are far behind here will send it as soon as we get it you may have 20 days for examination as you requested. Your deed can come with it you want it write us.                          L. L. Taylor."

The abstract furnished by the Taylors, according to the testimony of Clarke, wholly failed to show a good and merchantable title to the land in controversy, and thereafter, after being notified of such objections to the title, the Taylors failed to cure the same or to return the money deposited. Thereupon suit was filed in Tarrant county upon the promise of defendants made in their telegram of March 15, 1919, to deliver in Tarrant county the abstract complete. Plaintiffs made the two Taylors and Carter & Burns defendants, and asked for a judgment for $250, the earnest money advanced, and $250 alleged to have been reasonably incurred in the employment of an attorney to represent them in the matter of acquiring title to the land hereinbefore mentioned, and to examine the abstract to said property, plaintiffs alleging that they had paid and, agreed to pay their said attorney such sum, which was a reasonable and customary charge for such services. Each of the four defendants filed his plea of privilege to be sued in Wichita county, where he resided. These pleas seem to be in proper form and in compliance with article 1903, V. S. Tex. Civ. Statutes, as amended by Acts 35th Leg. c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

Upon hearing, and after the introduction of the witness R. L. Armstrong, Jr., plaintiffs' attorney, he testified that on or before March 28, 1919, he examined for C. L. Clarke what purported to be an abstract of title to lot 4, block 139, of Wichita Falls, Tex., and that he found that said title was not a good and merchantable title, and so informed his client. The testimony of plaintiff C. L. Clarke was that on March 14, 1919, there was sent to the Taylors at Wichita Falls the telegram heretofore mentioned and that in answer thereto he received from L. L. Taylor the message heretofore sent out. Clark further testified that he had employed R. C. Armstrong, Jr., to represent the interests of plaintiffs in acquiring title to said lot, and that plaintiffs had been at all times ready, willing, able, and anxious to close the purchase of said lot. He further testified that the abstract furnished by the defendants Taylor was returned to them at Wichita Falls, in order that they might have the same perfected and completed, and that defendants had wholly failed to meet and cure any of the objections made by the plaintiffs' attorney to the title to the property in question.

The contract of sale was also introduced, which in part provides:

"Second.—Said party of the first part further agrees to furnish party of the second part a complete abstract of the title to said land, certified by some competent abstracter within a reasonable time and not later than 10 days from the date herein. And the said second party agrees to report in writing its objections to and the defects in said title, if any, within 20 days hereafter, and said first party shall have a reasonable time thereafter to cure such defects and remove such objections.

"Third.—As the consideration for said land, the party of the second part agrees and binds himself to pay to party of the first part, the sum of $7,500 in the following manner, viz.: $2,500 in cash, and the remaining in vendor's lien notes on said land, to be executed to said second party as follows: All notes to contain 10 per cent. attorney fee clause and to provide for payment of 8 per cent. interest, payable annually. Balance due in one and two years. All payments to be made and papers delivered at office in Witchita Falls, Texas.

"Fourth.—This contract shall be consummated, and all things done and performed upon the part of each party, on or before the 13th day of February, A. D. 1919."

It was agreed in open court that each of the four defendants resided in Wichita county on February 13, 1919, the day when the contract was made, and have continued to so reside there up to the time of the hearing of their pleas of privilege.

[1] We think the court erred in overruling the pleas of privilege filed. Since it was admitted that under the original contract all papers were to be delivered at Wichita Falls, and since it is further admitted that each of the defendants lives at Wichita Falls, any suit on the original contract would have to be filed in Wichita county. Article 1830 of the Revised Statutes provides:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases: * * * 5. Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

It is under this exception that plaintiffs seek to retain venue of the action in Tarrant county. In order to maintain the suit in a county other than that of defendant's residence, plaintiff must clearly show the facts relied on to bring the case within one of the exceptions provided by the statute.

[2] Defendants' plea of privilege was prima facie proof of the facts therein stated which would entitle them to be sued in the county of their residence. Ray v. Kimball, 207 S. W. 352. And in order to overcome this prima facie showing plaintiffs were required, not only to allege in their controverting affidavit, but to establish by evidence, the existence of an exception to the general statute of venue which would give jurisdiction to the Tarrant county court. Hilliard Bros. v. Wilson, 76 Tex. 183, 13 S. W. 25; Ry. Co. v. Childs, 40 S. W. 41; Coal Co. v. Luna, 144 S. W. 723; Weller v. Guarjardo, 174 S. W. 673; Bledsoe v. Barber, 220 S. W. 369; Bank v. Gates, 213 S. W. 723. In Lasater v. Waits, 95 Tex. 553, 68 S. W. 500, the Supreme Court says:

"It is to be remembered that this is an exception to a general rule, and must be construed as such. The rule of construction which has always been applied in this state is that a plaintiff, basing his action upon one of the exceptions, must bring his case clearly within it. The defendant is not to be denied the privilege of being sued where he resides, upon a strained or doubtful construction of the exceptional provision."

See, also, Barker v. Foster, 3 Willson, Civ. Cas. Ct. App. § 305.

In Flynt v. Coal Co., 77 S. W. 831, it was held that a letter written by a debtor, promising to remit to his creditor within a few days, did not amount to the execution of a written contract in the county of the creditor. In the controverting affidavit of plaintiffs, they do not show that the Taylors were under any obligation or duty by virtue of the contract of sale made by them to deliver the completed abstract in Tarrant county, nor does it set out any facts from which such a conclusion may be reasonably inferred. The proof shows that under the original contract all papers were to be delivered in Wichita Falls. In order for an obligation in writing to bind the obligor to perform the terms thereof in another county than that of his residence, such obligation must be such as that its nonperformance would violate a legal right of the promisee and confer upon him an action for damages. The statute contemplates only such an obligation as might be made the basis of a suit. Ogburn-Dalchau Lbr. Co. v. Taylor, 59 Tex. Civ. App. 442, 126 S. W. 48; Bomar Cotton Oil Co. v. Schubert, 145 S. W. 1193.

[3] In the absence of an allegation of a consideration moving to the Taylors to change the provision in the contract of sale that all papers should be delivered at Wichita Falls, and in the face of the pleas of privilege filed, we do not believe that the plaintiffs overcame the prima facie proof made by the defendants in their pleas of privilege. The original contract was made by L. L. and O. D. Taylor, and there is no allegation, nor is there any proof, that L. L. Taylor, in sending the telegram, was authorized by O. D. Taylor to change the plain provision made in the original contract. Hence we conclude that the trial court erred in overruling the pleas of privilege filed, and the judgment is reversed, and the cause remanded, with instructions to transfer the cause to Wichita county.

Reversed and remanded, with instructions.