## STRAWN MERCHANDISE CO. v. TEXAS GRAIN & HAY CO. (No. 6364.)

(Court of Civil Appeals of Texas. Austin. May 18, 1921.)

1. Pleading ⬤⟞111—Burden is on plaintiff to show case is within exception to defendant's privilege to be sued in county of residence.

When defendant files a statutory plea of privilege to be sued in the county of his residence, the burden is cast upon plaintiff to show clearly that the case comes within one or more of the exceptions which permit a defendant to be sued in another county.

2. Evidence ⬤⟞10(2)—Courts take judicial notice of county in which city is located.

Courts will take judicial knowledge that Waco is a city located in McLennan county.

3. Venue ⬤⟞7—Provision for payment of claims held to refer to claims against seller so as not to defeat buyer's privilege.

In a contract for the sale of hay, a provision that all claims under the contract were to be paid at a designated place, which was followed without punctuation marks by a provision that the claim must be filed within five days after arrival and be supported by affidavits, clearly related to claims made by the buyer against the seller, and not to the claim of the seller against the buyer for the purchase price, so that the contract was not to be performed by the buyer in the county where the claims were payable, and the buyer is entitled to be sued for breach of the contract in the county of its residence.

Appeal from McLennan County Court; Jas. P. Alexander, Judge.

Suit by the Texas Grain & Hay Company against the Strawn Merchandise Company. From a judgment overruling defendant's plea of privilege to be sued in the county of its residence, defendant appeals. Reversed and remanded, with instructions to sustain the plea.

Williams & Williams, of Waco, Ritchie & Ranspot, of Mineral Wells, and Tom Conway, of Waco, for appellant.

Street, Willis & Coston, of Waco, for appellee.

KEY, C. J. Appellee does not controvert, and we adopt the following statement of the nature and result of this proceeding contained in appellant's brief, with the exception of the written contract, which we copy from the statement of facts, because the concluding paragraph is omitted in appellant's brief:

"Appellee, T. P. Duncan, trading under the firm name of the Texas Grain & Hay Company, filed suit in the county court of McLennan county, Tex., against the appellant for damages for the breach of the following contract:

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

" 'Dallas, Texas, Nov. 18, 1919.

" 'Sold to Strawn Mdse. Co., At Strawn, Texas; Post Office, Strawn, Texas.

" 'Gentlemen: This is the agreement of sale to you as per face to face conversation to-day, Mr. Mackie (Mgr.) fifteen (15) cars of North Texas summer cut prairie hay it is understood this hay will and must grade a No. 2 or better, at thirty ($30.00) dollars per ton delivered, Strawn, Texas. f. o. b. Delivered Strawn, Texas. Terms: Arrival draft inspection. Destination: Strawn, Texas. Time of Shipment: Scattered, by March 1st, 1920. Buyer's option. Weights: Within 2 % of invoice wts. Grades No. 2, or better, summer cut N. T. P. H.

" 'The shipper is not to be responsible for delays caused by strikes or occasioned by railroads or acts of Providence. Acceptance of this agreement without notifying shipper of error is fulfillment of contract.

" 'All claims arising from foregoing is payable at Waco, Texas and said claim must be filed within five (5) days from arrival of said car, and must be supported by all memoranda affidavits, etc., verifying said claim.

" 'It is understood between the buyer and myself that this is an order taken for the Texas Grain & Hay Co. at Waco, Texas, and is taken subject to the confirmation of said firm, and will be confirmed or rejected by said firm at once.

" 'I ask that you send me copy of all correspondence pertaining to this sale such as shortage, claims, railroad claims, rejections, etc., that I may be of some assistance to you. Thanking you for this order, I beg to remain,

" 'Yours most respectfully,

"H. Harding, Selling Agency,
"Per M. Harding.

" '[Signed]  Strawn Merchandise Co.,
"D. H. Mackay, Gen. Mgr.'
"Let Me Sell for You."

" 'Waco, Texas, Nov. 20, 1919, 8:30 a. m.

" 'Strawn Merchandise Company, Strawn, Texas. Confirming phone conversation with Mr. Mackie accept Harding contract with understanding price advances one dollar ton on all Hay not ordered by January fifth thanks.

" 'Texas Grain & Hay Company.'

"On September 3, 1920, in the manner and form required by law, the appellant filed its plea of privilege to be sued in Palo Pinto county, and thereafter the appellee filed a controverting affidavit to appellant's plea of privilege, alleging that the county court of McLennan county, Tex., the court in which the cause was pending, had jurisdiction under section 5, of article 1830 of the Revised Statutes of Texas. Upon the issue thus created by appellant's plea of privilege and appellee's controverting affidavit, the cause came on for hearing before the court on the 2d day of October, 1920, and the court entered its judgment overruling the appellant's plea of privilege, to which action of the court the appellant duly excepted and gave notice of appeal to the Court of Civil Appeals, Third Supreme Judicial District, at Austin, Tex., and thereafter, in the time, manner, and form required by law, filed its appeal bond and assignment of error, and this cause is now before this court for a review of the action of the trial court."

## Opinion.

[1] Appellant assigns as error the action of the trial court in overruling the defendant's plea of privilege to be sued in the county of its residence. The plea referred to complied with the statute regulating that procedure, and was prima facie evidence of defendant's right to have the venue changed. However, as authorized by the statute, the plaintiff filed a written contest, in which it was asserted that the county court of McLennan county had jurisdiction under the fifth subdivision of article 1830, which subdivision prescribes that where a party has contracted in writing to perform an obligation in any particular county, suit may be brought, either in such county or where the defendant has his domicile. And it was alleged that the provision of the contract which reads:

"All claims arising from the foregoing sale is payable at Waco, Texas and said claim must be filed within five (5) days from arrival of said car, and must be supported by all memoranda affidavits, etc., verifying said claim"

—supports the construction which the trial court placed upon the contract, and confers jurisdiction on the courts of McLennan county. The rule is that when a defendant files a statutory plea of privilege to be sued in another county, the burden of proof is cast upon plaintiff to show clearly that the case comes within one or more of the exceptions which require a defendant to be sued in the county of his residence. Lasater v. Waits, 95 Tex. 554, 68 S. W. 500; Valdespino v. Dorrance & Co., 207 S. W. 649. So in this case the defendant was entitled to have the case transferred to the county of its residence, unless it clearly appears that the written obligation upon which his suit was founded required the defendant to perform the obligation of the contract in the county where the suit was brought.

[2, 3] We concede that the courts will take judicial knowledge of the fact that Waco is a city located in McLennan county, and the only remaining question is: Does the written contract clearly show that the obligation of the defendant to purchase from the plaintiff and pay for certain grain was performable in McLennan county? The language, "all claims arising from the foregoing sale is payable at Waco, Texas," if it stood alone and was not qualified by that which follows immediately after, might be sufficient to sustain the ruling of the trial court. But such is not the case, and, according to the statement of facts, that language is immediately followed, without any punctuation mark, with the additional statement, "and said claims must be filed within five (5) days from arrival of said car, and must be supported by all memoranda affidavits, etc., verifying said claim"; and the further language:

"I ask that you send me copy of all correspondence pertaining to this sale such as shortage, claims, railroad claims, rejections, etc., that I may be of some assistance to you."

These excerpts from the contract indicate that the claims which were declared to be payable at Waco, Tex., were such as were discovered after the arrival of the shipment at the place of destination, and would constitute claims in behalf of the purchaser, and not any claim asserted by the seller. In fact, it was not shown that the purchaser had any agent or other representative at Waco, to whom claims could be presented, as required by the contract.

Hence, we conclude that, instead of it being made to clearly appear that the stipulation in the contract relied on by appellee was intended to make the claim asserted in this suit payable in McLennan county, that stipulation was limited to a different class of claims, and does not authorize this suit to be maintained in any county other than the residence of the defendant. Therefore the judgment appealed from is reversed, and the cause remanded, with instructions to the trial court to sustain the plea of privilege, and transfer the case to the county where defendant resides.

Reversed, with instructions.