## DAVIS v. GOULDY. (No. 1927.)

(Court of Civil Appeals of Texas. Amarillo. June 28, 1922.)

1. Venue ⬡⇒7—Promise to pay broker commission is divisible from contract of sale.

A promise by the owner in the written contract of sale to pay the broker's commission is divisible from the contract to convey the property to the purchaser, so that the fact that the contract for conveyance was to be performed in a designated county does not make the contract to pay the commission performable in that county.

2. Venue ⬡⇒7—Promise to pay broker held not performable in county of suit.

Where the owner's promise to pay a broker's commission was incorporated in the written contract of sale, a provision, requiring the conveyance to be made in the county where the land was situated, and providing for the deposit of earnest money, does not apply to the payment of the broker's commission so as to make the promise to pay the commission one performable in that county on which suit could there be brought, though the owner resided in another county.

3. Venue ⬡⇒7—Broker has no equity in fund forfeited until forfeiture.

Even though the contract provides the owner shall pay the broker one-half of the

earnest money in the event of the purchaser's failure to perform, the broker has no equity in that fund which entitles him to sue the owner for his commission in a county other than the owner's residence, where there was no forfeiture of the fund by the purchaser's default.

**4. Pleading ☞111—Right to maintain suit in county not of defendant's residence must be clearly shown.**

The right of the defendant to be sued in the county of his residence is a valuable one, and in order to maintain a suit against him in some other county the facts authorizing it must be clearly shown.

**5. Venue ☞72—Parol provisions not considered in determining written promise to perform in county of suit.**

In determining the right to sue a defendant under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, in a county where defendant has contracted in writing to perform an obligation, the written contract alone can be looked to, and parol provisions are immaterial.

**6. Venue ☞7—Promise to perform in another county must be express or necessarily implied.**

Before suit can be maintained against defendant in a county not of his residence on the ground he has contracted in writing to perform an obligation in the county of the suit, the contract must contain an express agreement to perform in the county of suit, or the court must be able to say that it necessarily involves an obligation to perform in that county.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by J. H. Gouldy against J. B. Davis, in which the defendant filed a plea of privilege to be sued in the county of his residence. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with instructions to transfer the cause to the county of defendant's residence.

Reeder & Reeder, of Amarillo, for appellant.

Veale & Lumpkin, of Amarillo, for appellee.

HALL, J. The appellee Gouldy sued the appellant in the district court of Potter county, for commissions alleged to be due him as a real estate broker. The substance of his petition is that appellant listed the property with him for sale, agreeing to pay him 5 per cent. of the total consideration as commissions; that he found a purchaser, ready, willing, and able to buy the property upon the terms and conditions named by appellant, and that about the 19th day of September, 1919, he, as the agent of the defendant, entered into a written contract with the prospective purchaser, Allen Early, in virtue of which the latter was to purchase appellant's property; that said contract was acceptable to the appellant, who furnished an abstract of title, according to the stipulation in the contract; that the abstract showed the title to be defective, on which account the deal was never consummated. It is further alleged that the reasonable commissions due appellee for his services was 5 per cent. of the total consideration named in the contract, amounting to $1,250. The petition alleges that the appellant is a resident of Tom Green County, Tex. On September 16, 1921, the appellant filed his plea of privilege to be sued in Tom Green county, which was controverted by appellee, alleging that the district court of Potter county had venue of the cause, because his suit was based upon a contract in writing by the terms of which appellant agreed to sell to Allen Early the property described, and that under the terms of said contract it was performable in Amarillo, Potter county, that in the sixth paragraph of said contract it was provided that the appellee was acting as agent of appellant, who agreed to pay him a commission, and that the contract made by appellee and Early was ratified and acquiesced in by appellant. By supplemental petition appellant urged a general demurrer and several special exceptions, challenging the sufficiency of the controverting affidavit under V. S. C. S. art. 1903. He further alleged that there was no previous authority from him to appellee, authorizing the latter to sign his name to any contract; that Gouldy had signed the contract with Early without appellant's authority; and that he had neither ratified nor acquiesced therein, but immediately repudiated the same when it was brought to his attention. The plea of privilege was overruled. The contract of sale executed by Gouldy as the agent of appellant and by Early is in the usual form of such contracts, with the following special provision:

"Third. Said second party for and in consideration of the above hereby agrees to accept said first party's conveyance to said property by not later than thirty days after said abstract is furnished in accordance herewith and to pay the above consideration therefor, at the Guaranty State Bank of Amarillo, Texas, or failing so to do, to forfeit to first party the sum of $500.00 this day deposited with Amarillo National Bank, to guarantee that he, second party, will fulfill all conditions of this agreement that are incumbent upon him, and in case of such forfeiture first party shall take and receive the said forfeit money as full liquidated damages accruing to him by reason of such failure and in that event this contract shall thereafter be canceled and held for naught as to all parties hereto."

The fifth paragraph provides that if the title should prove to be defective and cannot be cured within a reasonable time that the forfeit money should be returned to Early

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and the contract declared null and void. The sixth paragraph is as follows:

"It is also agreed and understood that J. H. Gouldy is acting as the agent of first party and that first party will pay him the commission for making this sale, and should the forfeit money be forfeited to the first party the first party will pay said agent one-half of same, not to exceed, however, five per cent. of the gross amount involved in this transaction, if this sale should have been actually consummated."

An issue is made in the brief as to the authority of Gouldy to bind Davis by the execution of the written contract of sale with Early, but this issue is waived, and its determination is not necessary in the disposition of the appeal.

[1] The contention of appellant under numerous propositions is, in substance, that the contract, as evidenced by the writing from which we have quoted above, is divisible, and that, even though it be admitted that as between appellant and Early it stipulates for performance in Amarillo, Potter county, there is no such stipulation as to the contract between appellant and Gouldy, and since Early is not a party to this action Gouldy cannot maintain his suit against appellant in Potter county. In the case of Leonard v. Kendall (Tex. Civ. App.) 190 S. W. 786, the court considered a contract similar in its provisions to the one under consideration, and held that the defendant's contract to convey land to Kendall and on completion of the sale to pay the broker a commission for his services, is not an entire but a divisible contract. A writ of error was denied by the Supreme Court, and that case is conclusive upon the issue of the entirety of the contract in the instant case.

[2] While the third paragraph quoted, supra, may be construed as binding appellant to perform his contract with Early, at the Guaranty State Bank of Amarillo, there is no such stipulation with reference to appellant's obligation to the appellee, Gouldy. Appellant does, in the sixth paragraph, promise to pay Gouldy his commissions for making the sale, and further agrees, in the event that the money is forfeited that he will pay Gouldy one-half thereof, not to exceed 5 per cent. of the gross amount. This is clearly not an undertaking to be performed necessarily in Potter county. The $500 forfeit money was never forfeited to the appellant, and the independent promise to pay the commissions does not name Amarillo as the place of payment. It appears from the statement of facts that a number of telegrams passed between appellant and appellee prior to the execution of the written contract, and although the telegrams are not incorporated in the statement of facts we may infer that the contract of listing resulted therefrom. If we are correct in this, then the contract between appel-

lant and appellee is evidenced in part by the telegrams and in part by the sixth paragraph of the written contract. It is not contended that appellant made any other written promise to pay the commissions. The right of appellee to maintain his suit in Potter county is attacked both by exceptions and upon the merits, and we think his contention should be sustained.

[3, 4] The appellant insists that the contract vests an equitable interest in the $500 in him. We cannot assent to this proposition. He could have no interest in the $500 until it was forfeited to appellant under the provisions of the sixth paragraph. His right can accrue only through appellant, and is contingent upon forfeiture. Appellant did not bind himself, either expressly or by implication, to pay appellee in Potter county. It cannot therefore be said that the appellant is bound by the legal effect or purport of his contract with appellee to pay him any commissions in Potter county, or that the payment thereof must necessarily be made in Potter county. Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Birge v. Lovelady (Tex. Civ. App.) 145 S. W. 1194; Lasater v. Waits, 95 Tex. 553, 68 S. W. .500; Mahon v. Cotton, 13 Tex. Civ. App. 239, 35 S. W. 869. The holding of these authorities, as clearly announced in Russell v. Green, supra, is that the right to be sued in the county of one's residence is a valuable right, and in order to maintain a suit against him in some other county the facts authorizing it must be clearly shown.

[5, 6] The appellee has endeavored to maintain his suit against appellant in Potter county upon the fifth subdivision of V. S. C. S. art. 1830, and the rule announced in Russell v. Green is that, in determining whether one has contracted in writing to perform an obligation in a particular county so as to control the venue under that article of the statute, the written contract alone can be looked to; parol provisions of the contract being immaterial. If this rule is applied to the instant case, then paragraph 6 is the only writing upon which the issue of venue could be determined, and it is clear that there is no promise to pay appellee any amount absolutely in Potter county, or elsewhere. It is further said in Russell v. Green that if the statutory exception authorizing suit in the county where defendant has contracted in writing to perform an obligation is relied on, the contract must contain an express agreement to perform in the county where the venue is laid, or the court must be able to say that the contract necessarily imports an obligation to perform in the county where suit is instituted. The contract to pay Gouldy commissions is separate and distinct from the contract of sale, as is held in the Leonard Case, supra. And if it be admitted that the contract with Early binds appellant to perform in Potter

county, it does not necessarily follow that he is bound to perform his contract with Gouldy in said county. The place of performance of the first contract cannot be incorporated in the second. The cases cited by appellee, Gambrell v. Tatum (Tex. Civ. App.) 228 S. W. 287, being one of them, are not applicable to the facts of this case. The Gambrell Case is a suit between the seller and purchaser, ·to which the bank, the depository of the fund, was made a party, and in which it is alleged that the money in escrow should be paid to plaintiff, and specific performance of the contract decreed. A review of the cases cited by appellee discloses a similar condition, and they are for the most part suits between the parties where the defendant has contracted to perform, or by the terms of his contract is necessarily bound to perform, in a county other than that of his residence.

The judgment is therefore reversed and remanded, with instructions to the district court of Potter county to transfer the cause to the district court of Tom Green county.