## CUMMING v. CHILSON. (No. 10615.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 18, 1924.)

**1. Pleading ☞111—Verified plea of privilege, unless successfully rebutted, entitles pleader to be sued in county of his residence.**

Properly verified, plea of privilege in proper form is prima facie proof of facts stated, and entitles party so pleading to be sued in county of his residence, unless opposite party controverts such facts by affidavit and by evidence establishing existence of an exception to Vernon's Sayles' Ann. Civ. St. 1914, art. 1830.

**2. Venue ☞7—Broker's action for commission held not within statute as to suit in county where contract to be performed.**

Broker's action for commission for sale of land predicated on promise of defendant to pay stipulated sum, if land was sold, held not within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, and art. 2308, par. 4, providing that suits on written contract may be brought in county where such contract was to be performed.

**3. Venue ☞7—Contract must show place of performance.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 5, providing generally that one may be sued on written contract in any county in which he has obligated himself to perform the contract, the written contract must specifically or by necessary implication state the place of performance in the county in which the suit is instituted.

Appeal from County Court, Clay County; J. F. Vaden, Judge.

Action by W. H. Chilson against J. A. Cumming. From an order overruling defendant's plea of privilege to be sued in the county of his residence, he appeals. Reversed and remanded.

Taylor & Taylor, of Wichita Falls, and H. M. Muse, of Henrietta, for appellant.

Wantland, Dickey & Glasgow, of Henrietta, for appellee.

CONNER, C. J. The appellee, Chilson, sued the appellant, Cumming, to recover $250 commission for the sale of a tract of land in Clay county, Tex. It was alleged in plaintiff's petition that the plaintiff and defendant had agreed that:

"Plaintiff should obtain a purchaser for the defendant, and bring about and cause a sale for the defendant of the above-described land and premises for the sum of money as heretofore set out, in consideration of the sum of $250 commission to plaintiff on the full amount of the selling price of said land and premises,

to be paid over to plaintiff by the defendant at the time of making said sale, which the defendant agreed, promised, and obligated himself to pay to plaintiff."

It was further alleged that pursuant to the agreement the plaintiff had secured a purchaser ready, able, and willing to pay the price, and upon the terms agreed upon. That the sale, and necessary papers drawn for the consummation of the transaction, was all consummated and done in Clay county, Tex.

The defendant, Cumming, presented a plea of privilege, alleging that he was at the time of the institution of the suit, and at all times since, a resident of Bexar county, Tex., and as such asserted his privilege to be sued in that county. The plea was controverted; it being alleged in the controverting affidavit:

"That the contract for the sale of the property described in plaintiff's petition was in writing; that the same provided for the fulfillment and execution of said contract in Clay county, Tex., and at no other place; that said written contract consisted of letters and telegrams exchanged by and between plaintiff and defendant herein, with reference to the sale of said land, and in which said letters and telegrams the defendant expressly authorized and directed the said W. H. Chilson, who is a resident of Clay county, Tex., and which fact was well known to the defendant, to sell said land in Clay County, Tex.; that he then and there knew that said property would be sold in Clay county, Tex., and that the same was sold in Clay county, Tex., and that the breach of contract and damages occasioned thereby accrued in Clay county, Tex., and at no other place."

Upon the hearing of the plea it was overruled, and the defendant, Cumming, has duly prosecuted this appeal from the order.

Article 1830, V. S. Tex. Statutes, relating to the venue of suits, provides that:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile, except in the following cases, to wit."

The article then sets forth the exceptions to the general rule so stated, and appellee invokes in support of the court's ruling exception 5 to this article, and paragraph 4 of article 2308. Exception 5 reads:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

Paragraph 4 of article 2308 reads:

"Suits upon a contract in writing promising performance at any particular place, may be brought in the county and precinct in which such contract was to be performed."

[1] It is well settled in the authorities that a plea of privilege in proper form and properly verified is prima facie proof of facts stated, and entitle the party so pleading to be sued in the county of his residence, unless the opposing party controverts such facts by affidavit and by evidence establishes the existence of an exception to the general venue statute. See Clark v. Taylor (Tex. Civ. App.) 223 S. W. 878; Strawn Merchandise Co. v. Texas Grain Co. (Tex. Civ. App.) 230 S. W. 1094, and numerous other cases that might be cited.

[2] In this case the only evidence offered by appellee in support of his controverting affidavit was, the unverified petition filed upon the institution of his suit, and the following letter unsigned by the appellant, but which appellee testified was in his handwriting, to wit:

"3303 W. Commerce St.
"San Antonio, Texas, Sept. 26, 1922.
"Mr. W. H. Chilson, Henrietta, Texas:

"Yours of 24th inst. to hand and will say that the price I made of $40 on 108⅘ acres comes to $4,353. I did not intend for you to offer it at $4,000. However I will make $4,000 net, which is about $37 per acre net or I will make it $4,000 all cash and allow you your commission out of the $4,000, which would make it net me $3,800, which is slightly less than $35 per acre. I have never intimated to Mr. Short that I would take $35 per acre.

"Mr. Short's time is up Jan. 1. If he moves before that you can get possession as soon as he moves. The second mortgage notes, 1, 2, 3, & 4 years with the first mortgage running 10 years will be satisfactory. I have an abstract and will mail it to you soon by registered mail. There will only be 3 or 4 items to bring down to date. Respectively yours,"

It seems quite clear to us that the evidence so offered does not bring the case within the exceptions invoked, and that the court erred in overruling appellant's plea of privilege. The promise of appellant, alleged by appellee and made the foundation of his action, was a promise to pay $250 in event appellee sold the tract of land referred to, and not a promise to consummate a sale to a purchaser procured by appellee who was ready, able, and willing to take the land upon the terms proposed. From the letter we might imply a promise to complete a sale, and possibly imply that the sale was to take place in Clay county, although such an implication does not necessarily arise from the letter.

[3] In the case of Cogdell v. Ross (Tex. Civ. App.) 243 S. W. 559, this court held that, under article 1830, subd. 5, V. S. Tex. Statutes, providing generally that one may be sued on a written contract in any county in which he has obligated himself to perform the contract, the burden was upon the plaintiff to bring himself within the exception, and that to so do the written contract must specifically, or by necessary implication, state the place of performance in the county in which the suit is instituted. See, also, to the same effect, McCammant v. Webb,

(Tex. Civ. App.) 147 S. W. 693; Russell v. Green (Tex. Civ. App.) 214 S. W. 448; Burkitt & Barnes v. Berry (Tex. Civ. App.) 143 S. W. 1187; Clarke v. Taylor (Tex. Civ. App.) 223 S. W. 878. The case of Cogdell v. Ross was one in which Ross, of Tarrant county, instituted suit against Cogdell, of Hood county, to recover damages upon a written contract for the exchange of certain lands owned by the several parties in the counties of their several residences. This court, citing numerous decisions, there held:

"No place of performance of any of the defendant's obligations was specifically stated in the written contract in controversy. It seems to be well settled that, in order to overcome a plea of privilege such as was urged by the defendant therein, upon the theory that defendant bound himself in writing to perform the contract in the county where the suit is instituted, and therefore to bring the case within the operation of subdivision 5 of article 1830, quoted above, the terms of the written contract alone must be looked to, and that an implied contract to perform in that county is not sufficient, unless the same necessarily arises from the terms of the instrument. In other words, the rule is that parol evidence cannot be resorted to in order to show that the defendant understood and agreed that his contract, which is made the basis of the suit, would be performed in the county where the suit is instituted."

The case of Burkitt & Barnes v. Berry, supra, was one in which Berry instituted suit against the appellants to recover the contract price for certain railroad ties sold to the appellants and to be delivered in Selina county. The written order upon which the sale was made recited that the seller, Berry, would "accept twenty-eight cents, f. o. b. cars McNeal switch," situated in the county where the suit was instituted and in a county other than where the appellants were residents. It was held that the order did not import a promise by the buyers, who resided in another county, to pay for the ties, so as to deprive them of the privilege to be sued in the county of their residence. And it was said:

"The agreement or promise to perform in a county other than that of the promisor's residence, in order to fix the venue in such county, must be in writing, and the right of a defendant to be sued in the county of his residence can only be defeated when the plaintiff brings his case clearly within the exception contained in the statute," citing cases.

The case of McCammant v. Webb, supra, was a suit to recover a balance due upon a contract for the boring of a well in Boracho, Culberson county, and defendant resided in El Paso county. The contract for the drilling of the well was in writing, but it was held that, there being no specific promise to pay for the drilling at Boracho, the defend-

ant's plea of privilege to be sued in El Paso county was well taken.

The case of Russell v. Green, supra, was one in which the plaintiff sued for a commission for procuring a loan from a life insurance company, and the holding is in accord with the cases hereinbefore cited.

We conclude that the court erred in overruling the appellant's plea of privilege, and it is accordingly ordered that the judgment below be reversed and the cause remanded, with all original papers, to the proper court of Bexar county, where appellant resides, and that this judgment be certified to the court below for observance.