## SOUTHWESTERN PEANUT GROWERS ASS'N, Inc., v. KENDRICK.

### No. 2480.

Court of Civil Appeals of Texas. Eastland.

Nov. 3, 1944.

Rehearing Denied Dec. 8, 1944.

Turner & Seaberry, of Eastland, for appellant.

Smith & Smith, of Anson, for appellee.

FUNDERBURK, Justice.

S. L. Kendrick, a resident of Jones County, brought this suit, in said county, against Southwestern Peanut Growers Association, a corporation with principal office at Gorman in Eastland County, to recover $419.82 claimed to be due by defendant to plaintiff as a "balance of commission fee and wages for the plaintiff's services for defendant." The defendant having filed a plea of privilege, the plaintiff answered with a controverting plea seeking to sustain venue in Jones County under exception 5 to the general rule governing the venue of actions, as provided in Vernon's Ann.Civ.St. art. 1995.

Upon hearing the Court overruled the plea of privilege, and defendant has appealed.

Appellant predicates its appeal upon a single point as follows: "Appellee having failed to prove that the written contract provided for payment to him of the sums claimed, in Jones County, the Court erred in overruling and not sustaining the plea of privilege." The point as thus stated is followed by a more formal legal proposition, as follows: "Under Exception 5 to the general rule of venue, it is immaterial that some obligations imposed by a written contract are required to be performed by one, or the other, party in a particular county; the material and controlling fact being that the particular obligation sought to be enforced by the suit is required by the contract to be performed in a particular county, expressly named." This is the proposition declared by this Court, upon authority of the many cases therein cited, in McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217. Other cases additional to those cited in McKinney v. Moon, supra, and supporting some or all the elements of said proposition may be listed as follows: Gottlieb v. Dismukes, Tex.Civ.App., 230 S.W. 792; Strawn Merchandise Co. v. Texas Grain & Hay Co., Tex.Civ.App., 230 S.W. 1094; La Salle County Water Improvement District No. 1 v. Arlitt, Tex. Civ.App., 297 S.W. 344; Southern Pine Lumber Co. v. King, Tex.Civ.App., 130 S.W.2d 942; Radio Equipment Co. v. Anderson Music Co., Tex.Civ.App., 44 S.W.2d 761; Cox v. Bunn, Tex.Civ.App., 160 S.W.2d 101.

The obligation of defendant, sought to be enforced by this suit, is to pay for certain services of plaintiff, which services, according to the contract, were to be performed by plaintiff at an expressly named place (Anson) in Jones County. In accordance with the above proposition, it is immaterial that *plaintiff's* obligations were to be performed in Jones County. The contract, while expressing the obligation of defendant to make payment for the services, neither expressly nor impliedly obligates defendant to make such pay-

ment in Jones County, or in any other particular place. It makes no provision as to the place of such payment.

The question to be decided is not affected by the amendment, in 1935, of said exception 5. Formerly that exception was as follows: "If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile." In 1935 it was amended to read as follows: "If a person has contracted in writing to perform an obligation in a particular county, *expressly naming such county, or a definite place therein, by such writing,* suit *upon or by reason of such obligation* may be brought *against him,* either in such county or where the defendant has his domicile." (The changes made by the amendment are shown by the italics.) The manifest purpose of the changes was not to enlarge the operation of exception 5, but rather to restrict it. Before the amendment, it was well recognized that if the provisions of a written contract necessarily implied that an obligation, which it imposed upon a party, should be performed in a particular county, the other party could sue to enforce such obligation in that county. Farmers' Seed & Gin Co., Inc. v. Brooks, 125 Tex. 234, 81 S.W.2d 675; Seley v. Williams, 20 Tex.Civ.App., 405, 50 S.W. 399; Darragh v. O'Connor, Tex.Civ.App., 69 S.W. 644; Geo. S. Allison & Sons v. Hamic, Tex.Com.App., 260 S.W. 1037; Scarbrough & Davis v. Culp, Tex.Civ.App., 276 S.W. 743; Curlee Clothing Co. v. Wickliffe, Tex.Civ.App., 38 S.W.2d 175; Davis v. Gouldy, Tex.Civ.App., 243 S.W. 715; Birge v. Lovelady, Tex.Civ.App., 145 S.W. 1194; Russell v. Green, Tex.Civ.App., 214 S.W. 448; Cumming v. Chilson, Tex. Civ.App., 265 S.W. 1099.

Such interpretation of exception 5, prior to its said amendment, was entirely consistent with the proposition that whether expressed, or necessarily implied, the obligation meant was not an obligation of the plaintiff, or some obligation of the defendant not involved in the suit, but the obligation of the defendant sought to be enforced by the suit. Even before the said amendment of exception 5, and wholly uneffected by such amendment, the decisions well supported the proposition that a written contract imposing obligations upon one party to do something, such as performing services for the other party, in a particular county, and expressly imposing upon the other party an obligation to pay therefor without expressly, or by necessary implication, imposing upon the latter the obligation to make such payment at any particular place, did not authorize venue of a suit to enforce such obligation in a county other than that of the defendant's residence. Wrenn v. Brooks, Tex.Civ.App., 257 S.W. 299; Cumming v. Chilson, supra; Russell v. Green, supra; Davis v. Gouldy, supra; Scarbrough & Davis v. Culp, supra; Fidelity Securities Co. v. Owens, Tex.Civ.App., 70 S.W.2d 308; McCammant v. Webb, Tex.Civ.App., 147 S.W. 693.

In other words, these decisions, wholly unaffected by the amendment of exception 5, are authority for the proposition, contrary to appellee's contention in this case, that an express, or necessarily implied, obligation of one party as provided in a written contract to perform services in a particular county does not by necessary implication impose an obligation to make payment for such services at the same place.

The decision in Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, relied upon by appellee, is not inconsistent with the conclusions above stated. In that case the obligation which was sought to be enforced by the suit was (whether expressed or implied) an obligation of the defendant. In the present case the only obligations which the contract requires to be performed in Jones County are obligations of the plaintiff, which, we hold, do not necessarily imply that the obligation of the defendant to pay shall be performed in the same county where the services are performed.

It is our conclusion upon the whole that the judgment of the Court must be reversed and the venue of said suit transferred to the County Court of Eastland County, which is accordingly so ordered.