## KENDRICK v. MACKEY.

### No. 2603.

Court of Civil Appeals of Texas. Eastland.
July 16, 1947.

Rehearing Denied Sept. 19, 1947.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellant.

Thomas L. Blanton, of Albany, for appellee.

GRAY, Justice.

This is a plea of privilege suit.

Appellant, P. S. Kendrick, a resident citizen of Taylor County, Texas, was the owner of an oil and gas lease in Shackelford County, Texas, on which there were some producing wells, and he entered into a written contract with Appellee Mackey, to drill an additional well or wells on said lease. In said contract, appellant was designated as "Owner" and appellee as "Driller". According to its terms, Driller was to furnish all drilling equipment, fuel, water supplies and labor required in the drilling of said well or wells, except that Owner was to furnish all casing and place same on the location. Provision was made for drilling to a depth of approximately 1,200 feet, but Owner was given the right to stop drilling at a lesser depth, it being understood that certain formations above said depth were to be tested out. Driller was to run all casing and set 8¼ inch casing on a certain sand, if Owner elected to test same, and to dry up hole. Also, to set 7 inch casing on certain other sands and dry up hole, all as a part of the contract per foot. Provision was made for coring, Owner to furnish core barrel and bit, and if a producer was obtained, Driller was to pull all casing, except the oil string, and if it should be a dry hole, Driller was to pull all casing and plug the well as a part of the contract per foot. Then followed a schedule of amounts to be paid Driller for such services, viz.: Drilling $2.25 per foot; coring $4 per foot; Reaming Cook Sand $50; Cementing, drilling plug and bailing dry hole, $100. Driller proceeded with the first well under said contract, designated as "No. 7A", which was a producer. Owner paid for the well and made a location for the second well, "8A", and Driller, moved his rig to the new location, when some complications developed. In attempting to pull the 10 inch casing from Well 7A, a joint broke leaving the lower part of the string in the well. Believing that he could pull and salvage same, Owner proposed verbally that if Driller would lease him his drilling equipment, he (Owner) would pull said casing and also drill Well 8A. A verbal agreement was accordingly made in pursuance of such offer, Owner agreeing to pay Driller $17 per day for the use of such equipment. Owner pulled said casing in Well 7A and drilled Well 8A to completion under the new agreement. Driller sued Owner in the County Court of Shackelford County for use of said equipment in pulling said 10 inch casing and for expense of

making preparations for the drilling of Well 8A, all alleged to amount to $549.04. Owner filed his plea of privilege to be sued in Taylor County, the county of his residence. The plea of privilege was overruled, and Owner has appealed.

Appellee seeks to maintain venue in Shackelford County, under Exception 5, Article 1995, Revised Civil Statutes, as amended, Vernon's Ann.Civ.St. art. 1995, subd. 5, which reads as follows: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him either in such county or where the defendant has his domicile." ·

■ Appellee contends that the verbal agreement and arrangement under which said second well was drilled were incidental to and grew out of said written contract, and were referable to it. Appellant insists in effect that the written contract was abrogated in so far as said second well was concerned, and a new verbal contract substituted. We think that the order of the trial court overruling the plea of privilege must be reversed for two reasons, to wit: 1. Neither the written contract nor the verbal agreement stipulated as ·to where the payments were to be made. The identical question was before this court in the comparatively recent case of Southwestern Peanut Growers Ass'n v. Kendrick, Tex. Civ.App., 183 S.W.2d 1019, appealed from Jones County, on denial of a plea of privilege and involved a construction of Exception 5, Article 1995, as amended in 1935. The fact situation was similar to the case at bar. We quote:

"The obligation of defendant, ·sought to be enforced by this suit, is to pay for certain services of plaintiff, which services, according to the. contract, were to be performed by plaintiff at an expressly named place (Anson) in Jones County. In accordance with the above proposition, it is immaterial that plaintiff's obligations were to be performed in Jones County. The contract, while expressing the obligation of defendant to make payment for the services, neither expressly nor impliedly obligates defendant to make such payment in Jones County, or in any other particular place. It makes no provison as to the place of such payment."

Also: "Even before the said amendment of exception 5, and wholly unaffected by such amendment, the decisions well supported the proposition that a written contract imposing obligations upon one party to do something, such as performing services for the other party, in a particular county, and expressly imposing upon the other party an obligation ·to pay therefor without expressly, or by necessary implication, imposing upon the latter the obligation to make such payment ·at any ·particular place, did not authorize venue of a suit to enforce such obligation in a county other than that of the defendant's residence." Citing Wrenn v. Brooks, Tex.Civ.App. 257 S.W. 299; Cumming v. Chilson, Tex.Civ.App. 265 S.W. 1099; Fidelity Securities Co. v. Owens, Tex.Civ.App., 70 S.W.2d 308; McCammant v. Webb, Tex.Civ.App., 147 S.W. 693, and other authorities.

We quote further:

"In other words, these decisions, wholly unaffected by the amendment of exception 5, are authority for the proposition, contrary to appellee's contention in this case, that an express, or necessarily implied, obligation of one party 'as provided in a written contract to perform services in a particular county does not by necessary implication impose an obligation to make payment for such services at the same place."

"The rule is also settled that in order to sustain venue. of a suit under subdivision 5 of article 1995, the written contract sued upon must alone be looked to in determining whether it is performable in the county of the suit." Stribling et al. v. American Surety Co. of New York, Tex.Civ.App., 41 S.W.2d 300, 301, and authorities therein cited. Parol provisions of a contract are immaterial. Russell v. Green, Tex.Civ. App., 214 S.W. 448.

■ 2. But we think that the written contract was abandoned and a new verbal contract substituted. The contract in writing was for the drilling of a well or· wells by appellee. After the drilling of one well thereunder, and payment therefor, by verbal agreement, the parties agreed that appel-

lant should pull the broken 10 inch casing from Well 7A and drill Well 8A, with appellee's equipment, paying therefor the sum of $17 per day for use of the same. Under the written contract, appellee was not obligated to drill Well 8A, but he was required to pull said casing from Well 7A. Under the parol agreement, the situation of the parties was reversed. Nothing done under the parol agreement was provided for in the written contract. In his controverting plea, appellee speaks of "their new verbal contract and arrangement for leasing plaintiff's rig and equipment", and in his brief, he uses the same language, thus admitting that they were not acting under the written contract. Therefore, Exception 5, is not the applicable venue statute.

The judgment of the trial court overruling appellant's plea of privilege is reversed and remanded with instructions to transfer said cause to the County Court of Taylor County, Texas.