## LAUGHLIN v. NORDYKE.

### No. 2701.

Court of Civil Appeals of Texas. Eastland.

Nov. 12, 1948.

Scarborough, Yates, Scarborough & Black, of Abilene, for appellant.

Randall C. Jackson, of Baird, for appellee.

COURTNEY GRAY, Justice.

This is an appeal from an order of the County Court of Callahan County, Texas, on an appeal from the Justice Court, overruling a plea of privilege by appellant to be sued in Nueces County, the county of his residence. A controverting plea was duly filed by appellee in which it was alleged that the suit was based on a contract in writing and that venue was maintainable in Callahan County under and by virtue of Exception 5, Article 1995, Revised Civil Statutes, Vernon's Ann.Civ.St. art. 1995, subd. 5. In the alternative, it was alleged that plaintiff rendered services to defendant by drilling, pulling pipe, and plugging a well on a 40 acre lease in Callahan County for which services plaintiff was entitled

to receive $441.50, of which $250.00 had been paid, leaving a balance due of $191.50.

Appellee concedes that the original contract was verbal, but his contention is that when said well was drilled to a depth of about 250 feet and a payment of $250.00 made, the agreement to drill deeper was in writing. Under the verbal agreement, it was contemplated that the depth of the well would be about 250 feet, but that under the alleged written contract, said well was drilled a total of 281 feet. The agreement as to price was $1.50 per foot, and $20.00 for plugging.

The alleged written contract was a letter written by appellant on the front and back of a bank check as follows:
"Corpus Christi, Texas, 2-7-48. No. ——— The Corpus Christi National Bank
Pay to ——————— or Bearer $———
Dear Mr. Nordyke:
Your card to hand. It raining here now & its probably freezing up there. If it don't come another blizzard I will be up there in a day or two. Im sending you a check for $250.00 in case something happens that I don't come on up. If it comes another blizzard like the one we had before of course it would be useless for me to come. We will go on down to the next sand if we cannot develop oil at the 250 feet.
Your friend J. N. Laughlin."

We seriously doubt if the above writing could be construed as a contract. It merely relates to the verbal contract previously made. It is wholly lacking in some of the essential elements of a contract, in that, no number of feet to be drilled is stated, no price to be paid per foot. It was unilateral in that Nordyke was not obliged to do anything. It did not obligate appellant to make payment in Callahan County, which is important here. The check for $250.00 mentioned in said letter, was paid in due course, but payment of another check by Laughlin in favor of Nordyke for $191.50 was stopped by Laughlin, who in his answer, pleaded that he owed the plaintiff nothing. However, we are not concerned as to the merits of the case, but solely as to the question of venue. We may assume for the purpose of this opinion that the trial court was justified in finding that the contract was performable in Callahan County, and that he did so find, but it does not follow by necessary implication or as a matter of law, that payment was to be made in Callahan County.

The courts have uniformly held that in determining venue under Exception 5, parol provisions of a contract are immaterial and the court must look alone to the written contract. Covington v. Bond, Tex.Civ.App., 25 S.W.2d 173; Russell et al. v. Green, Tex.Civ.App., 214 S.W. 448; Mendenhall v Brown, Tex.Civ.App., 252 S.W. 241; Davis v. Gouldy, Tex.Civ.App., 243 S.W. 715.

Exception 5, until its amendment in 1935, was as follows:

"If a person has contracted in writing to perform an obligation in a particular county, suit may be brought either in such county or where the defendant has his domicile."

The decisions on which appellee relies involved a construction and application of Exception 5 before it was amended. To sustain venue in a given county, it was required to be shown that the defendant had contracted in writing to perform the obligation in such county, or if the trial court should find that such obligation could not be performed in any other county, that was held sufficient to fix venue in the county where the suit was filed, even though not expressly set out in the written contract. That appellee's said authorities are not in point and controlling here will readily appear from a reading of Exception 5 as amended:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

Said amendment instead of enlarging the original statute, restricted it. Southwestern Peanut Growers Ass'n, Inc., v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019. Disregarding the oral contract be-

tween the parties, as we must under the authorities cited above, and looking solely to the writing on which appellee relies, it becomes apparent that such purported contract does not expressly name Callahan County or any definite place therein. Furthermore, the obligation sought here to be enforced was payment of the balance alleged to be due on said drilling contract. The well had been completed when suit was filed. It was not alleged that appellant was obligated to do anything more than to pay the balance claimed to be due. The purported contract was silent as to where such payment was to be made, and under numerous recent authorities, a suit to enforce such payment could not be maintained in Callahan County. By this court, we mention Southwestern Peanut Growers Ass'n, Inc. v. Kendrick, supra; Kendrick v. Mackey, Tex.Civ.App., 204 S.W.2d 394, and McKinney v. Moon, Tex.Civ.App., 173 S.W.2d 217. Very much in point are Cox et al. v. Bunn, Tex.Civ.App., 160 S.W.2d 101; Wrenn v. Brooks, Tex.Civ.App., 257 S.W. 299; McCammant v. Webb, Tex.Civ. App., 147 S.W. 693; Sharp v. Frizzell, Tex.Civ.App., 153 S.W.2d 543.

The judgment of the trial court is reversed and the cause remanded with instructions to transfer said cause to the proper court in Nueces County, Texas.

GRISSOM, C. J., and LONG, J., concur.