**MARTIN et al. v. McKENZIE et al.**

No. 12341.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 10, 1951.

L. B. Cooper, Cotulla, for appellants.

House, Mercer & House, San Antonio, for appellees.

W. O. MURRAY, Chief Justice.

This is an appeal from an order overruling a plea of privilege filed by J. W. Martin, Jr., and Ray Martin to be sued in La Salle County, Texas, the county of their residence.

Appellees attempt to assert venue in Bexar County under Subdivision 5 of Article 1995, Vernon's Civ.Stats. The suit was for a real estate commission on land located in La Salle County. The contract was in writing and is in evidence. It does not expressly provide that such real estate commission is payable in Bexar County, Texas, therefore venue can not be maintained in Bexar County under Subdivision 5 of Article 1995, supra. This subdivision was amended in 1935, and since that amendment our courts have held numerous times that before venue can be maintained in a county other than that of the defendant's residence under this provision of the venue statute, a written contract must be shown which provides that the obligation sued upon is performable in the county of suit, expressly naming the county or a definite place in the county. Ammann v. Daniel Oil Co., Tex.Civ.App., 220 S.W.2d 181; McKinney v. Moon, Tex. Civ.App., 173 S.W.2d 217; Cox v. Bunn, Tex.Civ.App., 160 S.W.2d 101; Smith v. Hall, 147 Tex. 634, 219 S.W.2d 441; Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610; Laughlin v. Nordyke, Tex.Civ.App., 215 S.W.2d 424; Southwestern Peanut Growers Ass'n v. Kendrick, Tex.Civ.App., 183 S.W.2d 1019; Kendrick v. Mackey, Tex. Civ.App., 204 S.W.2d 394; Wrenn v. Brooks, Tex.Civ.App., 257 S.W. 299; Colman v. H. Dittlinger Roller Mills, Tex.Civ. App., 181 S.W.2d 604; Rio Grande Valley Citrus Exchange v. Leche & Leche, Tex. Civ.App., 144 S.W.2d 1015; Johnson v. Personius, Tex.Civ.App., 242 S.W.2d 471.

Accordingly, the order of the trial court is reversed and judgment here rendered transferring this cause to the District Court of La Salle County, in the manner provided by Rule 89, Texas Rules of Civil Procedure.

Reversed and rendered.