**COVINGTON v. BOND.**
No. 8359.

Court of Civil Appeals of Texas. San Antonio.
Feb. 12, 1930.

E. B. Ward, of Corpus Christi, and W. H. Baldwin, of Rockport, for appellant.

Miller Nelson, of Aransas Pass, for appellee.

SMITH, J.

This appeal is from an order of the county court of Aransas county, overruling appellant Covington's plea of privilege to be sued in the county of his residence, conceded to be in San Patricio county.

It was alleged in appellee Bond's petition in the court below that he was a mechanic operating a shop in Aransas county, and did certain repair work in his shop, upon appellant's boat; that his services therefor were of an agreed value of $233.90, for which amount he presented a bill to appellant; that in payment of the bill appellant gave him a check for the amount, drawn upon a San Patricio county bank, and appellee thereupon delivered the repaired boat to appellant, who took it away; that when appellee presented the check to said bank for payment the officials of the bank refused to honor the same, stating that payment thereon had been stopped by appellant; that appellee was entitled to a lien upon the boat, so long as it was in his possession, to secure the amount of his bill, but lost such lien with the surrender of the boat to appellant in exchange for the check. These allegations were adopted as a part of appellee's controverting plea, in which the grounds of venue were further stated as follows: "That the plaintiff affirmatively states that the defendant called at his place of business in Aransas County and engaged in the contract set out in plaintiff's petition and that it was within the knowledge of both parties that the contract was to be performed in said county of Aransas, and that said contract was in all this carried out in Aransas County and for this reason that Honorable County Court of Aransas County should have and maintain jurisdiction of this suit."

It is obvious that this allegation does not show any exception to the Venue Act, since it affirmatively appears that the contract set up and performable in Aransas county was not in writing, as required in section 5 of the Venue Act (article 1995, R. S. 1925), which appellee obviously, although not expressly, sought to invoke.

The second ground of venue set up by appellee in his controverting affidavit, in connection with his petition, is as follows: "That further that the defendant herein caused the plaintiff herein to lose his lien on said boat by allowing the defendant to take such boat upon defendant's delivering to the plaintiff his certain check in payment of the contract on

which check payment was stopped by the defendant for the purpose of defrauding the plaintiff and that the defendant has caused the plaintiff injury by such act and such act alone is sufficient to confer jurisdiction with the County Court of Aransas County."

Although this allegation is loosely drawn, and does not expressly invoke a specific exception to exclusive venue, it is obviously designed to bring the case under the seventh exception to exclusive venue (section 7, art. 1995, as amended), in which it is provided: "In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile." Acts 1927, 40th Leg., 1st C. S., p. 197, Ch. 72, § 1.

We are of the opinion that the quoted allegation does not bring the case within the contemplation of the seventh exception, for, although fraud is charged against appellant, the fraud alleged is specifically confined to the act of stopping payment of the check, which was drawn against a San Patricio county bank, and, so far as the allegations or proof show to the contrary, that act was committed in the latter county. Accordingly, there were no allegations or proof that appellant committed the specifically alleged fraudulent act in the county where suit was brought, and the defendant, residing in a different county, was entitled to his properly pleaded privilege to be sued in that county.

The judgment is reversed, and it is ordered that the clerk of the county court of Aransas county make up a transcript of all the orders made in said cause, certifying thereto officially under the seal of said court, and send it with the original papers in the cause to the clerk of the county court of San Patricio county.

Reversed and rendered.