## COX et al. v. BUNN.
### No. 11095.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 4, 1942.

Rehearing Denied March 25, 1942.

Perkins & Floyd and Frank T. Morrill, all of Alice, for appellants.

R. F. Luna, of San Diego, and Raymond Wier, of Alice, for appellee.

SMITH, Chief Justice.

The appeal is from an order overruling appellants' plea of privilege. Clinton O. Bunn was plaintiff below and Edwin B. Cox and another were defendants. They will be so designated herein.

Plaintiff brought this action to recover of defendants certain per diem pay for services rendered by him in drilling an oil well for defendants in Duval County, and for the rental value of a certain pumping unit alleged by plaintiff to be owned by him and used by defendants.

Plaintiff sought to sustain venue in Duval County under subdivisions 5 and 9, by virtue of allegations in his controverting affidavit, (1) that the suit is one to enforce written obligations performable in Duval County, and (2) that defendants committed a trespass against him in that county by using his pumping unit without his permission.

The first contention was insufficient to fix venue in Duval County under subdivision 5. Plaintiff agreed to drill defendants' well in that county, with materials to be furnished by defendants and it will be assumed, for the purpose of this decision, that those obligations were performable therein within the contemplation of subdivision 5 of the general venue statute. Art. 1995, Subd. 5, Vernon's Ann.Civ.Stats. But it is conceded that plaintiff performed his obligation by drilling the well, and he asserted no cause of action for failure of defendants to properly comply with their obligation to furnish the required material, wherefore, venue on that count was not sustained. It is true plaintiff sued for an alleged balance due for his services in drilling the well, but as payment for those services was not required in writing to be made in Duval County, subdivision 5 is inapplicable.

We are of the further opinion that plaintiff did not allege, and certainly he did not prove a trespass against him by defendants, within the contemplation of the statute. It appears that when plaintiff drilled the well in question and moved to

another location, he left his pumping unit and apparently other equipment at the location of the well, and definitely admitted upon the trial that he authorized defendants to use such equipment in finishing up the work there; that plaintiff's employees in charge voluntarily hauled out the pumping unit for defendants' use and assisted defendants in its use. Defendants used the unit for a few days but plaintiff sought in this suit only to recover the rental value of the unit for the period in which defendants got the use of it; in his petition he did not allege or pray for damages as for a trespass. Clearly, plaintiff failed to bring his case within the 9th exception of the venue act. Art. 1995, Subd. 9.

The trial court erred in overruling defendants' plea of privilege, it being conceded that defendants were residents of Dallas, and not of Duval, County.

The judgment is reversed and judgment is here rendered that the venue of the cause be transferred to Dallas County, as provided in Art. 2020, R.S.1925, as amended by the Act of 1933, 43d Leg. p. 546, Ch. 177, Vernon's Ann.Civ.St. art. 2020. This opinion will be substituted for the original opinion, now withdrawn.

Reversed and rendered.